**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4375**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

RAY ALFRED HOTT, II,

        Defendant – Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. John Preston Bailey, Chief District Judge. (3:07-cr-00063-JPB-DJJ-1)

Submitted: January 27, 2009      Decided: April 2, 2009

Before NIEMEYER, MOTZ, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

S. Andrew Arnold, ARNOLD, CESARE & BAILEY, PLLC, Shepherdstown, West Virginia, for Appellant. Sharon L. Potter, United States Attorney, Paul T. Camilletti, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ray Alfred Hott, II, pled guilty to possession of a firearm after being convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) (2006), and was sentenced to 108 months imprisonment. Hott appeals his sentence, contending that the district court erred in departing or varying above the advisory guideline range, which the court determined to be 33-41 months, without giving him adequate notice, and that the extent of the departure rendered the sentence unreasonable. We affirm.

A sentence is reviewed for abuse of discretion. Gall v. United States, 128 S. Ct. 586, 591 (2007). First, we must ensure that the district court committed no "significant procedural error," including improperly calculating the guidelines range, not considering the § 3553(a) factors, relying on clearly erroneous facts, or giving an inadequate explanation for the sentence. United States v. Evans, 526 F.3d 155, 161 (4th Cir.) (quoting Gall, 128 S. Ct. at 597), cert. denied, 129 S. Ct. 476 (2008). We must then consider the substantive reasonableness of the sentence imposed, "tak[ing] into account the totality of the circumstances, including the extent of any variance from the Guidelines range." Gall, 128 S. Ct. at 597. If the sentence is outside the guideline range, we "must give due deference to the district court's decision that the

2

§ 3553(a) factors, on a whole, justify the extent of the variance." Id.

Hott argues that the district court erred in departing or varying upward without giving him adequate notice of its intention, as is required for a departure. See Fed. R. Crim. P. 32(h). However, Hott had sufficient notice of a possible departure from the presentence report, where the probation officer advised the court that Hott's "significant criminal record" might be grounds for an upward departure. See United States v. Spring, 305 F.3d 276, 282 (4th Cir. 2002). Moreover, the district court informed the parties at sentencing that it was considering a variance from the guidelines and gave them an opportunity to comment, as required by Rule 32(i)(1)(C). In addition, the Supreme Court has held that no notice is necessary for a variance sentence. United States v. Irizarry, 128 S. Ct. 2198 (2008). We conclude that Hott received adequate notice and an opportunity to comment before the court imposed his sentence, and that no significant procedural error occurred.

Hott next contends that the extent of the district court's deviation from the guideline range was unreasonable. In imposing sentence, the district court stated that it had considered all the factors set out in § 3553(a) and made the following findings:

The defendant's conviction in this case constitutes his sixth felony sentencing event as an adult. He is an armed career criminal, but was not advised of the penalties. He is a scourge upon the community based upon his violent behavior. His significant prior criminal record, which spans over 36 years, stems from his impulsiveness and apparent belief that laws and societal controls do not pertain to him.

Unfortunately previous lengthy periods of imprisonment have not deterred the defendant from continuing in his criminal activity. Therefore, it appears that the only means available to the Court to attempt to deter future criminal activity and protect society from this defendant is through an upward variant sentence of incarceration for a period of 108 months.

Gall requires that, when the sentence deviates significantly from the guideline range, the district court must provide "significant justification" for the deviation. Gall, 128 S. Ct. at 597. The court did so here and we conclude that the sentence is reasonable.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4