NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-3101
_____

UNITED STATES OF AMERICA

v.

AHMAD IBRAHIM
a/k/a MICHAEL RIAMONDI
a/k/s PATEL RANALZO
a/k/a AMAD MAHOD,

Ahmad Ibrahim,
Appellant

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 07-cr-00322-1)
District Judge: Honorable William J. Martini

_____

Submitted Under Third Circuit LAR 34.1(a)
May 27, 2010

Before: McKEE, Chief Judge, RENDELL and GARTH, Circuit Judges.

(Filed: June 2, 2010)

_____

OPINION OF THE COURT

_____

RENDELL, Circuit Judge.

After pleading guilty to two counts of wire fraud, one count of identity theft, and

one count of conspiracy to commit mail fraud, Ahmad Ibrahim was sentenced to 56 months' imprisonment and was ordered to provide restitution in the amount of $303,201.79. The applicable Guideline range was 33 to 41 months' imprisonment. Ibrahim now appeals from his sentence on the ground that the District Court failed to give the parties notice that the Court was considering a departure from the Sentencing Guidelines, as required by Federal Rule of Criminal Procedure 32(h).[1] We find this argument to be without merit, and will affirm the Judgment of the District Court.[2]

Rule 32(h) provides that "[b]efore the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure." However, in light of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), we have held that Rule 32(h) does not require a district court to give the parties notice that it intends to exercise its discretion to vary from the Guidelines; rather, Rule 32(h) applies only when a district court is applying a departure under the Guidelines. *United States v. Vampire Nation*, 451 F.3d 189, 197 (3d Cir. 2006); *see also Irizarry v. United States*, 128 S. Ct. 2198, 2203 (2008) .

Ibrahim contends that the District Court applied a departure under the Guidelines, rather than a variance from the Guidelines under 18 U.S.C. § 3553, as authorized by

---

[1] Ibrahim does not otherwise challenge the reasonableness of the sentence.

[2] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have jurisdiction pursuant to 28 U.S.C. § 1291.

*Booker*.  We disagree.  Although the Court did use a phrase indicating that it would "depart upward" from the Guideline range specified in Ibrahim's plea agreement, App. A71, it is clear that the District Court was varying from the Guideline range based on § 3553 and *Booker*.  The Court explained at length that it was imposing an above-Guidelines sentence primarily because of the defendant's extensive criminal history and his practice of committing crimes while on probation or supervised release.  The Court also explained that a long prison sentence was necessary in light of the seriousness of the offense, the need to deter Ibrahim from committing further crimes after being released, and the need to protect the public from him.  Since the Court was applying a variance from the Guidelines, it was not required to give the parties notice of its intent to vary from the Guidelines in this way.[3]

We will therefore affirm the Judgment of the District Court.

---

[3] We also note that in this case the District Court explicitly warned counsel at the beginning of the sentencing proceeding that it was considering imposing an above-Guidelines sentence in light of Ibrahim's extensive criminal history.  Ibrahim and his counsel thus had an opportunity to address the District Court's concerns before the Court imposed sentence.

United States v. Ibrahim, No. 08-3101


GARTH, J., concurring:


Ibrahim was sentenced to 56 months' imprisonment and supervised release for 3 years, and ordered to pay restitution of $302,301.72.

The Court, in its sentencing statement, accepted Ibrahim's plea agreement and stated: "But rather than take issue with the probation department in terms of the loss amount and the number of victims,[4] the Court will accept the guidelines agreed to by the parties for purposes of a guidelines analysis."  The Court's calculation of Ibrahim's offense level under the Guidelines incorporated a determination of the amount of the loss, see U.S.S.G. § 2B1.1(b)(1), and the final offense level reflected the Court's adoption of the loss amount to which the parties had agreed – between $70,000 and $120,000.  See U.S.S.G. § 2B1.1(b)(1)(E).

I have a great concern that the restitution aspect of Ibrahim's sentence is illegal, since we have held that the amount of a restitution order may not exceed the amount of the loss actually caused.  United States vs. Leahy,  438 F.3d 328, 337 (3d Cir. 2006) (en banc); United States v. Diaz, 245 F.3d 294, 312 (3d Cir. 2001).  As I read the sentencing transcript of the Court, the District Court, in determining the appropriate Guidelines,

---

[4] The Presentence Investigation Report prepared by the Probation Office found that the amount of loss was $303,201.72.

calculated a loss of between $70,000 and $120,000. Since the Guidelines provide that the loss amount is the greater of actual or intended loss, see U.S.S.G. § 2B1.1 cmt. n. 3(A)(i), the actual loss as calculated by the District Court could have been no greater than $120,000. Yet the District Court imposed a restitution order in an amount of $302,301.72. This satisfies me that the District Court was in error.

However, Ibrahim did not raise this issue before the District Court, did not raise this issue on appeal and – upon filing a supplemental brief in response to the Court's request that the parties discuss the possibility of an erroneous restitution order – failed to take issue with the restitution order in that brief. Hence, while I do not agree with the Government that the District Court's restitution order was appropriate in light of 18 U.S.C. § 3664, as well as Ibrahim's agreement in the plea agreement, I do agree that Ibrahim has forfeited any challenge to the restitution order by failing to raise this issue either before the District Court, on appeal, or by supplementary memorandum. See Maj. Op. at n. 4.

I therefore concur in Judge Rendell's opinion affirming the judgment of the District Court.