OPINION OF THE COURT
RENDELL, Circuit Judge.
After pleading guilty to two counts of wire fraud, one count of identity theft, and one count of conspiracy to commit mail fraud, Ahmad Ibrahim was sentenced to 56 months’ imprisonment and was ordered to provide restitution in the amount of $303,201.79. The applicable Guideline range was 33 to 41 months’ imprisonment. Ibrahim now appeals from his sentence on the ground that the District Court failed to give the parties notice that the Court was considering a departure from the Sentencing Guidelines, as required by Federal Rule of Criminal Procedure 32(h).[1] We find this argument to be without merit, and will affirm the Judgment of the District Court.[2]
Rule 32(h) provides that “[b]efore the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party’s prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure.” However, in light of the Supreme Court’s decision in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), we have held that Rule 32(h) does not require a district court to give the parties notice that it intends to exercise its discretion to vary from the Guidelines; rather, Rule 32(h) applies only when a district court is applying a departure under the Guidelines. United States v. Vampire Nation, 451 F.3d 189, 197 (3d Cir.2006); see also Irizarry v. United States, 553 U.S. 708, 128 S.Ct. 2198, 2203, 171 L.Ed.2d 28 (2008).
Ibrahim contends that the District Court applied a departure under the Guidelines, rather than a variance from the Guidelines under 18 U.S.C. § 3553, as authorized by Booker. We disagree. Although the Court did use a phrase indicating that it would “depart upward” from the Guideline range specified in Ibrahim’s plea agreement, App. A71, it is clear that the District Court was varying from the Guideline range based on § 3553 and Booker. The Court explained at length that it was imposing an above-Guidelines sentence primarily because of the defendant’s extensive criminal history and his practice of committing crimes while on probation or supervised release. The Court also explained that a long prison sentence was necessary in light of the seriousness of the offense, the need to deter Ibrahim from committing further crimes after being released, and the need to protect the public from him. Since the Court was applying a variance from the Guidelines, it was not required to give the parties notice of its intent to vaiy from the Guidelines in this way.[3]
We will therefore affirm the Judgment of the District Court.

. Ibrahim does not otherwise challenge the reasonableness of the sentence.

. The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have jurisdiction pursuant to 28 U.S.C. § 1291.

.We also note that in this case the District Court explicitly warned counsel at the beginning of the sentencing proceeding that it was considering imposing an above-Guidelines sentence in light of Ibrahim’s extensive criminal history. Ibrahim and his counsel thus had an opportunity to address the District *244 Court's concerns before the Court imposed sentence.