**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4290**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

JOYCE GAYNELL GLISSON,

                    Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Charleston.   Patrick Michael Duffy, Senior
District Judge.   (2:09-cr-00459-PMD-2)

Submitted:  November 9, 2010      Decided:  December 16, 2010

Before WILKINSON, NIEMEYER, and WYNN, Circuit Judges.

Affirmed in part; vacated and remanded in part by unpublished
per curiam opinion.

Guy  J.  Vitetta,  VITETTA  LAW  GROUP,  Daniel  Island,  South
Carolina,  for  Appellant.  William  N.  Nettles,  United  States
Attorney,  Alston  C.  Badger,  Assistant  United  States  Attorney,
Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joyce Gaynell Glisson pleaded guilty to embezzlement from a federally-insured bank, in violation of 18 U.S.C. § 656 (2006). After Glisson embezzled the funds from her employer, Citizen's Bank, she obtained a loan from a third party, Robert Player, and used that money to repay some of the embezzled funds to the bank. The district court sentenced Glisson to fifteen months of imprisonment and ordered that she pay restitution to the bank and to Player. Glisson appeals, arguing that the district court erred in ordering restitution to the third party. For the reasons that follow, we affirm the conviction, but vacate the order of restitution with instructions that the district court modify the order.

Glisson first argues that the district court erred in awarding restitution to Player as he was not a victim of her offense. We review a restitution order for abuse of discretion. United States v. Hoyle, 33 F.3d 415, 520 (4th Cir. 1994). Under the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. §§ 3663A-3664 (2006), the district court must order the defendant to make restitution to victims of an offense against property. 18 U.S.C. § 3663A(a), (c)(1)(A)(ii). A victim is defined as

> [A] person directly and proximately harmed as a result
> of the commission of an offense for which restitution
> may be ordered including, in the case of an offense

2

that involves as an element a scheme, conspiracy, or pattern of criminal activity, any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy or pattern.

18 U.S.C. § 3663A(a)(2). Moreover, the MVRA "'authorize[s] an award of restitution only for the loss caused by the specific conduct that is the basis of the offense of conviction.'" United States v. Blake, 81 F.3d 498, 506 (4th Cir. 1996).

Here, the offense of conviction was embezzlement under § 656. Section 656 makes it a crime for an employee of a federally-insured bank to embezzle, abstract, or misapply any funds of the bank. 18 U.S.C. § 656.

For a violation of § 656 to be proved, the Government must show, in addition to the status of both the bank and the defendant, that the defendant acted willfully, that [she] misapplied [or embezzled] funds, . . . belonging to or intrusted to the custody of the bank and that [she] did so with the intent to injure or defraud the bank.

United States v. Duncan, 598 F.2d 839, 858 (4th Cir. 1979). Accordingly, as Glisson's embezzlement was complete prior to her obtaining funds from Player, and as embezzlement does not contain as an element a scheme, conspiracy, or pattern of criminal activity, see Blake, 81 F.3d at 506 ("the act that harms the individual must be either conduct underlying an element of the offense of conviction, or an act taken in furtherance of a scheme, conspiracy, or pattern of criminal activity that is specifically included as an element of the

3

offense of conviction"), Player was not a victim within the meaning of the MVRA.

However, the Government correctly argues that Player is entitled to restitution under 18 U.S.C. § 3664(f)(1) (2006).

> If a victim has received compensation from insurance or any other source with respect to a loss, the court shall order that restitution be paid to the person who provided or is obligated to provide the compensation, but the restitution order shall provide that all restitution of victims required by the order be paid to the victims before any restitution is paid to such a provider of compensation.

18 U.S.C. § 3664(f)(1). Here, as Player compensated Citizen's Bank for some of the loss resulting from Glisson's embezzlement, the district court properly awarded restitution to Player. See United States v. Smith, 395 F.3d 316, 319 (4th Cir. 2005) (this court may affirm on any grounds apparent from the record). However, as the statute unambiguously directs that victims be paid the full amount of restitution to which they are due before restitution is paid to persons who provide compensation to victims for their loss, the order of restitution should have specified that the restitution must be fully paid to Citizen's Bank before any restitution is paid to Player.

Glisson next argues that the court erred in failing to examine the statutory factors regarding her ability to pay before ordering restitution. We disagree. Under § 3663A(d), the district court must issue an order of restitution in

4

accordance with § 3664. 18 U.S.C. § 3663A(d). Section 3664(a) provides that, for restitution orders, the court shall order that the probation officer must include information in the presentence report sufficient for the court to determine restitution, including, "to the extent practicable, a complete accounting of the losses to each victim, any restitution owed pursuant to a plea agreement, and information relating to the economic circumstances of each defendant." 18 U.S.C. § 3664(a).

Moreover, although a district court must make factual findings with regard to the statutory factors, see United States v. Davenport, 445 F.3d 366, 373 (4th Cir. 2006), overruled on other grounds, Irizarry v. United States, 553 U.S. 708 (2008), "[t]he district court may satisfy this requirement by announcing its findings on the record or by adopting adequate proposed findings contained within a presentence report." Blake, 81 F.3d at 505 (citation omitted). Here, the probation officer included the necessary information in the presentence report, and the district court explicitly adopted those findings at the sentencing hearing. Therefore, the court did not fail to consider the statutory factors prior to awarding restitution.

Accordingly, we affirm the judgment of the district court in part, but also vacate the judgment in part and remand with instructions that the district court modify the order of restitution to provide that Citizen's Bank be paid in full prior

5

to restitution being paid to Player.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
VACATED AND REMANDED IN PART