Justice Stevens
delivered the opinion of the Court.
Rule 32(h) of the Federal Rules of Criminal Procedure, promulgated in response to our decision in Burns v. United States, 501 U. S. 129 (1991), states that “[b]efore the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party’s prehearing submission, the court must give the parties reasonable notice that it is contemplating *710 such a departure.” The question presented by this case is whether that Rule applies to every sentence that is a variance from the recommended Federal Sentencing Guidelines range even though not considered a “departure” as that term was used when Rule 32(h) was promulgated.
I
Petitioner, Richard Irizarry, pleaded guilty to one count of making a threatening interstate communication, in violation of 18 U. S. C. § 875(c). Petitioner made the following admissions in the factual resume accompanying his plea: (1) On November 5, 2003, he sent an e-mail threatening to kill his ex-wife and her new husband; (2) he had sent “dozens” of similar e-mails in violation of a restraining order; (3) he intended the e-mails to “convey true threats to kill or injure multiple persons”; and (4) at all times he acted knowingly and willfully. App. 273-275.
The presentence report (PSR), in addition to describing the threatening e-mails, reported that petitioner had asked another inmate to kill his ex-wife’s new husband. Brief for United States 6. The PSR advised against an adjustment for acceptance of responsibility and recommended a Guidelines sentencing range of 41-to-51 months of imprisonment, based on enhancements for violating court protective orders, making multiple threats, and intending to carry out those threats. Brief for Petitioner 9. As possible grounds for a departure, the probation officer stated that petitioner’s criminal history category might not adequately reflect his “ ‘past criminal conduct or the likelihood that [petitioner] will commit other crimes.’” Ibid.
The Government made no objection to the PSR, but advised the court that it intended to call petitioner’s ex-wife as a witness at the sentencing hearing. App. 293. Petitioner objected to the PSR’s application of the enhancement based on his intention to carry out the threats and its rejection *711 of an adjustment for acceptance of responsibility. Id., at 295-296.
Four witnesses testified at the sentencing hearing. Id., at 299. Petitioner’s ex-wife described incidents of domestic violence, the basis for the restraining order against petitioner, and the threats petitioner made against her and her family and friends. Id., at 307, 309, 314. She emphasized at some length her genuine concern that petitioner fully intended to carry out his threats. Id., at 320. A special agent of the Federal Bureau of Investigation was called to describe documents recovered from petitioner’s vehicle when he was arrested; those documents indicated he intended to track down his ex-wife and their children. Id., at 326-328. Petitioner’s cellmate next testified that petitioner “was obsessed with the idea of getting rid of” his ex-wife’s husband. Id., at 336. Finally, petitioner testified at some length, stating that he accepted responsibility for the e-mails, but that he did not really intend to carry out his threats. Id., at 361. Petitioner also denied speaking to his cellmate about killing his ex-wife’s husband. Id., at 356-357.
After hearing from counsel, the trial judge delivered a thoughtful oral decision, which included findings resolving certain disputed issues of fact. She found that petitioner had deliberately terrorized his ex-wife, that he intended to carry out one or more of his threats, “that he still intends to threaten and to terrorize Ms. Smith by whatever means he can and that he does not accept responsibility for what he has done.” Id., at 372. After giving both petitioner and counsel an opportunity to make further comment, the judge concluded:
“I’ve considered all of the evidence presented today, I’ve considered everything that’s in the presentence report, and I’ve considered the statutory purpose of sentencing and the sentencing guideline range. I find the guideline *712 range is not appropriate in this case. I find Mr. Irizarry’s conduct most disturbing. I am sincerely convinced that he will continue, as his ex-wife testified, in this conduct regardless of what this court does and regardless of what kind of supervision he’s under. And based upon that, I find that the maximum time that he can be incapacitated is what is best for society, and therefore the guideline range, I think, is not high enough.
“The guideline range goes up to 51 months, which is only nine months shorter than the statutory maximum. But I think in Mr. Irizarry’s case the statutory maximum is what’s appropriate, and that’s what I’m going to sentence him.” Id., at 374-375.
The court imposed a sentence of 60 months of imprisonment to be followed by a 3-year term of supervised release. Id., at 375.
Defense counsel then raised the objection that presents the issue before us today. He stated, “We didn’t have notice of [the court’s] intent to upwardly depart. What the law is on that now with — ,” to which the Court responded, “I think the law on that is out the window.... You had notice that the guidelines were only advisory and the court could sentence anywhere within the statutory range.” Id., at 377.
The Court of Appeals for the Eleventh Circuit affirmed petitioner’s sentence, reasoning that Rule 32(h) did not apply because “the above-guidelines sentence imposed by the district court in this case was a variance, not a guidelines departure.” 458 F. 3d 1208,1211 (2006) (per curiam). The Court of Appeals declined to extend the rule to variances. “After [United States v. Booker, 543 U. S. 220 (2005)], parties are inherently on notice that the sentencing guidelines range is advisory .... Given Booker, parties cannot claim unfair surprise or inability to present informed comment.” Id., at 1212.
*713 Because the Courts of Appeals are divided with respect to the applicability of Rule 32(h) to Guidelines variances,[1] we granted certiorari. 552 U. S. 1086 (2008). We now affirm.
II
At the time of our decision in Burns, the Guidelines were mandatory; the Sentencing Reform Act of 1984, §211 et seq., 98 Stat. 1987, prohibited district courts from disregarding “the mechanical dictates of the Guidelines” except in narrowly defined circumstances. 501 U. S., at 133. Confronted with the constitutional problems that might otherwise arise, we held that the provision of Rule 32 that allowed parties an opportunity to comment on the appropriate sentence — now Rule 32(i)(l)(C) — would be “rendered] meaningless” unless the defendant were given notice of any contemplated departure. Id., at 135-136. Justice Souter disagreed with our conclusion with respect to the text of Rule 32 and conducted a due process analysis. Id., at 147 (dissenting opinion).
Any expectation subject to due process protection at the time we decided Burns that a criminal defendant would receive a sentence within the presumptively applicable Guidelines range did not survive our decision in United States v. Booker, 543 U. S. 220 (2005), which invalidated the mandatory features of the Guidelines. Now faced with advisory Guidelines, neither the Government nor the defendant may place the same degree of reliance on the type of “expectancy” *714 that gave rise to a special need for notice in Burns. Indeed, a sentence outside the Guidelines carries no presumption of unreasonableness. Gall v. United States, 552 U. S. 38, 51 (2007); see also Rita v. United States, 551 U. S. 338 (2007).
It is, therefore, no longer the case that “were we to read Rule 32 to dispense with notice [of a contemplated non-Guidelines sentence], we would then have to confront the serious question whether [such] notice in this setting is mandated by the Due Process Clause.” Burns, 501 U. S., at 138. The due process concerns that motivated the Court to require notice in a world of mandatory Guidelines no longer provide a basis for this Court to extend the rule set forth in Burns either through an interpretation of Rule 32(h) itself or through Rule 32(i)(l)(C). And contrary to what the dissent argues, post, at 718 (opinion of Breyer, J.), the rule does not apply to 18 U. S. C. § 3553 variances by its terms. “Departure” is a term of art under the Guidelines and refers only to non-Guidelines sentences imposed under the framework set out in the Guidelines.
The notice requirement set out in Burns applied to a narrow category of cases. The only relevant departures were those authorized by 18 U. S. C. § 3553(b) (1988 ed.), which required “an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described.” That determination could only be made based on “the sentencing guidelines, policy statements, and official commentary of the Sentencing Commission.” Ibid. And the notice requirement only applied to the subcategory of those departures that were based on “a ground not identified as a ground for . .. departure either in the presentence report or in a prehearing submission.” Burns, 501 U. S., at 138-139; see also Fed. Rule Crim. Proc. 32(h). Although the Guidelines, as the “starting point and the initial benchmark,” continue to play a role in the sentencing determination, see *715 Gall, 552 U. S., at 49, there is no longer a limit comparable to the one at issue in Burns on the variances from Guidelines ranges that a district court may find justified under the sentencing factors set forth in 18 U. S. C. § 3553(a) (2000 ed. and Supp. V).
Rule 32(i)(l)(C) requires the district court to allow the parties to comment on “matters relating to an appropriate sentence,” and given the scope of the issues that may be considered at a sentencing hearing, a judge will normally be well advised to withhold her final judgment until after the parties have had a full opportunity to present their evidence and their arguments. Sentencing is “a fluid and dynamic process and the court itself may not know until the end whether a variance will be adopted, let alone on what grounds.” United States v. Vega-Santiago, 519 F. 3d 1, 4 (CA1 2008) (en banc). Adding a special notice requirement whenever a judge is contemplating a variance may create unnecessary delay; a judge who concludes during the sentencing hearing that a variance is appropriate may be forced to continue the hearing even where the content of the Rule 32(h) notice would not affect the parties’ presentation of argument and evidence. In the case before us today, even if we assume that the judge had contemplated a variance before the sentencing hearing began, the record does not indicate that a statement announcing that possibility would have changed the parties’ presentations in any material way; nor do we think it would in most cases. The Government admits as much in arguing that the error here was harmless. Brief for United States 37-38.
Sound practice dictates that judges in all cases should make sure that the information provided to the parties in advance of the hearing, and in the hearing itself, has given them an adequate opportunity to confront and debate the relevant issues. We recognize that there will be some cases in which the factual basis for a particular sentence will come as a surprise to a defendant or the Government. The *716 more appropriate response to such a problem is not to extend the reach of Rule 32(h)’s notice requirement categorically, but rather for a district judge to consider granting a continuance when a party has a legitimate basis for claiming that the surprise was prejudicial. As Judge Boudin has noted:
“In the normal case a competent lawyer . . . will anticipate most of what might occur at the sentencing hearing — based on the trial, the pre-sentence report, the exchanges of the parties concerning the,, report, and the preparation of mitigation evidence. Garden variety considerations of culpability, criminal history, likelihood of re-offense, seriousness of the crime, nature of the conduct and so forth should not generally come as a surprise to trial lawyers who have prepared for sentencing.” Vega-Santiago, 519 F. 3d, at 5.
The fact that Rule 32(h) remains in effect today does not justify extending its protections to variances; the justification for our decision in Burns no longer exists, and such an extension is apt to complicate rather than to simplify sentencing procedures. We have confidence in the ability of district judges and counsel — especially in light of Rule 32’s other procedural protections[2] — to make sure that all relevant matters relating to a sentencing decision have been considered before the final sentencing determination is made.
The judgment of the Court of Appeals is affirmed.

It is so ordered.

 Compare United States v. Vega-Santiago, 519 F. 3d 1 (CA1 2008) (en banc); United States v. Vampire Nation, 451 F. 3d 189 (CA3 2006); United States v. Mejia-Huerta, 480 F. 3d 713 (CA5 2007); United States v. Long Soldier, 431 F. 3d 1120 (CA8 2005); and United States v. Walker, 447 F. 3d 999, 1006 (CA7 2006), with United States v. Anati, 457 F. 3d 233 (CA2 2006); United States v. Davenport, 445 F. 3d 366 (CA4 2006); United States v. Cousins, 469 F. 3d 572 (CA6 2006); United States v. Evans-Martinez, 448 F. 3d 1163 (CA9 2006); and United States v. Atencio, 476 F. 3d 1099 (CA10 2007).

 Rule 32 requires that a defendant be given a copy of his PSR at least 35 days before sentencing, Fed. Rule Crim. Proc. 32(e)(2). Further, each party has 14 days to object to the PSR, Rule 32(f)(1), and at least 7 days before sentencing the probation officer must submit a final version of the PSR to the parties, stating any unresolved objections, Rule 32(g). Finally, at sentencing, the parties must be allowed to comment on “matters relating to an appropriate sentence,” Rule 32(i)(l)(C), and the defendant must be given an opportunity to speak and present mitigation testimony, Rule 32(i)(4)(A)(ii).