[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-10496
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 21, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00035-CR-HL-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BENJAMIN FINNEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(June 21, 2010)

Before EDMONDSON, BIRCH and FAY, Circuit Judges.

PER CURIAM:

Defendant pleaded guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) and to possession of cocaine in violation of 21 U.S.C. § 844(a). The District Court calculated the advisory sentencing guideline range without objection. Based in part on Defendant's criminal history, the District Court varied upwards from that range. Defendant objected and now appeals both the variance and a lack of notice that the District Court was considering a variance. We see no reversible error; we affirm.

We review a district court's sentencing decisions for an abuse of discretion. Gall v. United States, 128 S. Ct. 586, 594 (2007).

The District Court calculated Plaintiff's guideline range as being from 41 to 51 months.[1] The District Court imposed a 70-month sentence with a three-year period of supervised release. In explaining the variance, the District Court said that it considered the pre-sentence report in its entirety, that it noted Defendant's criminal history with special attention, and that it considered the 18 U.S.C. § 3553(a) factors. The District Court concluded that an upward variance was justified because the Guideline range did "not adequately reflect the seriousness of

---

[1] We only deal with the longer sentence because the sentences -- 70 months and 12 months -- for the two charges run concurrently.

[Defendant's] prior criminal record and the probability that [Defendant] will continue to commit crimes." The District Court also concluded that the sentence complied with the factors in section 3553(a) and adequately addressed the totality of the circumstances.

We review a District Court's sentencing decision in a two-step process. First, we determine if the District Court made a procedural error. Gall, 128 S. Ct. at 597. We see no procedural error in the record.

Next, we review the substantive reasonableness of the sentence. Id. In doing so, we "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Id. The District Court explicitly considered the section 3553(a) factors and gave extra weight to Defendant's criminal history.

Defendant contends that the District Court erred because the severity of his past criminal activity was not sufficient to justify a variance. The District Court was troubled by the increasing severity of Defendant's criminal conduct and that Defendant's time between convictions was mainly a result of time spent in federal prison. We cannot say that the upward variance was outside of the District Court's broad discretion given the totality of the circumstances.

Defendant also appeals the lack of notice for the upwards variance. The

3

sentence imposed by the District Court is a variance from the guidelines -- not a departure.  See, Irizarry v. United States, 128 S. Ct. 2198, 2202 (2008).  Variances do not require notice to the parties.  Id.

AFFIRMED.