**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 3, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DERRICK JERRELL JONES,

Defendant - Appellant.

No. 11-6074

(W.D. Oklahoma)

(D.C. No. 5:10-CR-00061-F-1)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **ANDERSON**, and **GORSUCH**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Defendant and appellant Derrick Jerrell Jones pled guilty to one count of

possession of crack cocaine with intent to distribute and one count of being a

felon in possession of two semi-automatic handguns. At sentencing, the district

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

court determined to vary upward from the advisory sentencing guidelines range under the United States Sentencing Commission, Guidelines Manual ("USSG"), and sentenced Mr. Jones to 120 months' imprisonment. Mr. Jones appeals his sentence, arguing that the 120-month term was imposed in a procedurally unreasonable manner and is substantively unreasonable. We affirm.

## BACKGROUND

In August 2007, the Federal Bureau of Investigation ("FBI") began an investigation into a large gang-related drug conspiracy. Law enforcement personnel discovered that Mr. Jones was a part of the conspiracy. After conducting surveillance and investigating Mr. Jones, officers searched his home, where they found 133.9 grams of crack cocaine, twenty-six grams of marijuana, three sets of digital scales with drug residue, two semi-automatic handguns and several rounds of ammunition. As it turned out, Mr. Jones was on probation for a prior drug conviction and an attempted home-burglary conviction when he was participating in the instant conspiracy. He also admitted, as stated in his presentence report ("PSR"), that he had been involved in gang activity for many years.

As indicated above, pursuant to a plea agreement Mr. Jones pled guilty to possession of crack cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and being a felon in possession of firearms, in violation of 18 U.S.C.

§ 922(g)(1). In preparation for sentencing, the United States Probation Office's

PSR calculated that the applicable advisory guidelines sentencing range was 108

to 135 months, based upon the offenses of conviction and a criminal history

category of III. At sentencing, the district court ultimately concluded that the

applicable advisory guideline range was 87 to 108 months. It also rejected

Mr. Jones' motion for a downward departure. Instead, the court stated as follows:

> I certainly do recognize that I have the discretion to depart downward and I don't intend to do so. As a matter of fact, I intend to vary upward.
>
> The guideline range is 87 to 108 months. I find that that guideline range is not sufficient to . . . accomplish the statutory objectives of sentencing. In this case, the predominant statutory objectives of sentencing are incapacitation, deterrence, and just punishment.
>
> Mr. Jones, your gang activity is more recent than most of the defendants that I have before me facing similar charges and who have been convicted of similar crimes. You have a previous conviction for possession of crack with intent to distribute. For that reason, it is apparent that you had a previous opportunity to reconsider whether you ought to spend your time and effort distributing this horrible substance.
>
> You have a previous burglary conviction that came along, as I recall, after your . . . previous crack cocaine distribution conviction. All of which causes me to conclude that a sentence within the guideline range really would not in this instance–and this is unusual for me–but really would not in this instance comport with the statutory objectives of sentencing.
>
> This is not a major factor, but I couldn't help but notice that you apologized to your family and the Court but did not make one reference to the victims who are–whose lives have been affected by your distribution of this horrible substance.
>
> Accordingly, the top of your guideline range is 108 months. I'm going to impose a sentence of 120 months. Because I think that's what is required to keep you from committing further offenses of this kind or any other kind, in order to deter others from following

the path you have followed, and to provide just punishment for your offense.

Tr. of Sentencing at 22-24, R. Vol. 3 at 33-35.

Defense counsel then registered an objection to the upward variance on two stated grounds: "no notice in the presentence report that an upward departure was warranted"; and that the "departure . . . was not supported by the available evidence." Id. at 26-27. The district court implicitly dismissed the objection, after explaining that no prior notice was required when the court varies from an advisory guideline range, as opposed to departing from such a range.[1] See Irizarry v. United States, 553 U.S. 708, 714-15 (2008).

This appeal followed, in which Mr. Jones argues that the district court "committed significant procedural error by failing to adequately explain the upward variance from the advisory guideline range and by relying on insufficient evidence to support the upward variance." Br. of Appellant at 9. He also challenges the sentence as substantively unreasonable.

_____

[1]Departures and variances are two different things. See United States v. Sells, 541 F.3d 1227, 1237 n.2 (10th Cir. 2008) (explaining that a departure occurs when a court sentences a defendant above or below the recommended guideline range under Chapter 4 or 5 of the sentencing guidelines, whereas a variance occurs when a court "enhances or detracts from the recommended range through application of § 3553(a) factors") (further quotation omitted).

**DISCUSSION**

We review the reasonableness of sentencing decisions, "whether inside, just outside, or significantly outside the Guidelines range under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007); United States v. Huckins, 529 F.3d 1312, 1317 (10th Cir. 2008). A sentencing court abuses its discretion when its decision is "arbitrary, capricious, whimsical, or manifestly unreasonable." United States v. Munoz-Nava, 524 F.3d 1137, 1146 (10th Cir. 2008). Reasonableness review includes a procedural and a substantive analysis.

## I. Procedural Reasonableness

"Procedural reasonableness addresses whether the district court incorrectly calculated or failed to calculate the Guidelines sentence, treated the Guidelines as mandatory, failed to consider the § 3553(a) factors, relied on clearly erroneous facts, or failed to adequately explain the sentence." Gall, 552 U.S. at 51.

Mr. Jones argues the district court committed procedural error because it failed to adequately explain its upward variance from the advisory guideline range. More specifically, he argues that the district court's finding that he was involved in "recent gang activity" is not supported by the record. Mr. Jones further alleges that the district court's reliance on his previous drug conviction to support its upward variance means that *any* defendant who re-offends is unfairly susceptible to an increased sentence.

-5-

The government contends that we must consider the propriety of the court's variance under the plain error standard of review, because Mr. Jones failed to object to the variance at sentencing. Whether we apply a plain error standard of review or not, Mr. Jones' variance argument fails.[2] The district court gave detailed reasons, grounded in the § 3553(a) factors, why it believed an upward variance was necessary. It specifically stated that Mr. Jones' gang-related activity and extensive prior criminal history, combined with the need to deter Mr. Jones and others, the need to protect the public, and the need to punish Mr. Jones properly for his conduct, all combined to suggest an upward variance.

As indicated, Mr. Jones also argues that the district court's reference to his recent gang-related activity is not supported by the evidence. Mr. Jones' PSR expressly states: "At 16 years of age [Mr. Jones] moved out of his mother's home and 'lived on the street.' According to [Mr. Jones], he also was in a gang, the Grape Street Crips, from age 12 to 20. The gang affiliation was confirmed by the Oklahoma City Gang Task Force." PSR at ¶ 68, R. Vol. 2 at 16. No objection was made to that factual finding, which the district court expressly adopted. We

_____

[2]The confusion regarding the applicability of the plain error standard of review stems from the fact that Mr. Jones objected to the 120-month sentence at the sentencing hearing, although he viewed the departure from the advisory sentencing guideline range as a "departure," rather than a "variance." Thus, it is not completely clear whether we should conclude that Mr. Jones failed to raise, at the time of sentencing, the issue of the departure from the guidelines range. We conclude that we need resolve this issue, because Mr. Jones's argument concerning the propriety of the sentence fails under any standard.

cannot say that the district court clearly erred in determining that Mr. Jones' gang-related activity was extensive and sufficiently recent that it caused the court concern.

Mr. Jones further argues that the court could not vary upward based upon his prior drug conviction, and therefore his purported failure to rehabilitate, because the Guidelines already account for that in his criminal history score. As the government points out, Mr. Jones misreads our case law. We have acknowledged that "district courts are now allowed to contextually evaluate each § 3553(a) factor, including those factors the relevant guideline(s) already purport to take into account." United States v. Smart, 518 F.3d 800, 808 (10th Cir. 2008). In sum, the district court thoroughly and clearly explained its reasons for imposing an upward variant sentence. Accordingly, we conclude that the sentence imposed is procedurally reasonable.

## II. Substantive Reasonableness

As indicated above, Mr. Jones also challenges the substantive reasonableness of his 120-month sentence. "[S]ubstantive reasonableness review broadly looks to whether the district court abused its discretion in weighing permissible § 3553(a) factors in light of the totality of the circumstances." United States v. Sayad, 589 F.3d 1110, 1118 (10th Cir. 2009) (further quotation omitted). When considering a variance, we must "consider the extent of the deviation and

ensure that the justification is sufficiently compelling to support the degree of the variance." Gall, 552 U.S. at 50. Further, we use a "highly deferential standard of review in assessing the substantive reasonableness of a sentence." Sayad, 589 F.3d at 1118.

In this case, the district court supported its selected sentence by reference to proper § 3553(a) factors, including Mr. Jones' dangerous and lengthy criminal history and a long history of gang affiliation, his failure to rehabilitate, and his lack of remorse for those to whom he sold drugs. The sentence imposed was substantively reasonable.

## CONCLUSION

For the foregoing reasons, we AFFIRM the sentence in this case.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge