**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2450
_____

UNITED STATES OF AMERICA

v.

HAROLD PALMER,
Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 10-312-01)
District Judge:  Hon. Berle M. Schiller

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 15, 2012

Before:  SMITH, FISHER, and GARTH, <u>Circuit Judges</u>.

(Filed: May 16, 2012)
_____

OPINION
_____

GARTH, <u>Circuit Judge</u>.

After a jury trial, appellant Harold Palmer was convicted of extortion under color

of official right and making a false statement to a federal agent.  He was sentenced to 18

months' incarceration, a period of supervised release, and a special assessment.  Palmer

now appeals, challenging his sentence as procedurally unreasonable.  We hold that the

District Court committed no error at Palmer's sentencing. Accordingly, we will affirm Palmer's sentence.

I.

We write principally for the benefit of the parties and recite only the facts essential to our disposition.

Prior to March 2010, Palmer participated in a Department of Homeland Security investigation of Saman Salem, an individual with whom he was acquainted. Salem operated an illegal business where he collected money in exchange for assisting individuals with obtaining fraudulent driver's licenses and other documents from the Pennsylvania Department of Transportation.

Palmer worked as a driver's license examiner, and Salem paid him to assist in obtaining these documents. In the course of that investigation, Palmer gave statements to various investigating officials and agreed to wear a microphone in order to electronically record conversations with Salem.

In March 2010, Palmer ended his cooperation with the investigation. On March 15, 2010, after ending his cooperation, Palmer was arrested on a warrant and charged with extortion under color of official right, making a false statement to a federal agent, and conspiracy to illegally produce Pennsylvania driver's licenses.

A four day jury trial followed, at which Palmer was acquitted of the conspiracy charge and convicted of the remaining charges on December 8, 2010. Palmer did not file

any post-trial motions.[1]  The federal sentencing guidelines details an undisputed advisory range of 33 to 41 months for Palmer's convictions.  On May 19, 2011, the District Court held a sentencing proceeding to determine Palmer's sentence.

Palmer's counsel presented various responses to some of the claims the government had made in its sentencing memorandum.  At one point, when Palmer's counsel was discussing the amount of money Salem allegedly paid Palmer, she acknowledged that her present line of argument was "probably not my primary argument," the District Court inquired, "[w]hat is your primary argument?"  Palmer's counsel replied by responding to different claims in the government's memorandum.  The District Court judge allowed her to continue in that vein for some time before asking, "[w]hat is your proposal for me?"  Palmer's counsel responded by continuing to address various claims in the government's memorandum.  The District Court judge then interrupted her for a third time, asking, "[w]hat do you want me to do?"  Palmer's counsel responded "I want you to put him on probation, Judge," whereafter the District Court judge thanked counsel for her argument and directed her to sit.  The District Court judge then discussed the appropriate sentence with counsel for the government.

At the conclusion of the sentencing proceeding, Palmer was sentenced to eighteen months' incarceration for each conviction, to be served concurrently, followed by three years of supervised release to be served concurrently on each count and was ordered to pay a special assessment of $200.  Palmer timely appealed his sentence.

II.

---

[1] Palmer does not challenge either conviction on the present appeal.

3

We have jurisdiction over Palmer's appeal of his sentence pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. Although procedural errors at sentencing are generally subject to review for abuse of discretion, see Gall v. United States, 552 U.S. 38, 49 (2007), when the error is not raised before the District Court, our review is for plain error. United States v. Parker, 462 F.3d 273, 278 (3d Cir. 2006).

Palmer does not claim that he raised any objection to the alleged error before the District Court, and we therefore review his claim only for plain error. To satisfy the plain error standard, the error below must affect substantial rights and must be "'clear' or 'obvious.' In most cases, an error affects substantial rights if it is prejudicial. . . When such an error exists, [we] have the authority to order correction, but [are] not required to do so. We will exercise our discretion and vacate the sentence if the plain error affecting substantial rights also seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Evans, 155 F.3d 245, 251 (3d Cir. 1998) (internal quotation marks and citations omitted).

### III.

Palmer raises a single claim on appeal. Specifically, he claims that the trial court committed reversible error in not allowing his counsel to finish her intended presentation at his sentencing. Palmer's contention amounts to an argument that his sentence was procedurally unreasonable because his counsel's truncated presentation prevented the District Court from being able to consider all of the necessary 18 U.S.C. § 3553(a) factors in setting his sentence.

For a sentence to be procedurally reasonable, "the sentencing court must give rational and meaningful consideration to the relevant § 3553(a) factors." United States v. Young, 634 F.3d 233, 237 (3d Cir. 2011) (quotation marks omitted). Further, a sentence is procedurally unreasonable if the sentencing authority fails "to adequately explain the chosen sentence - including an explanation for any deviation from the Guidelines range." Gall v. U.S., 552 U.S. 38, 51 (2007).

Federal Rule of Criminal Procedure 32(i)(4)(A) provides that before the imposition of a sentence, the District Court must: 1) provide the defendant's counsel with an opportunity to speak on behalf of the defendant; 2) address the defendant personally and give the defendant the chance to speak if he desires to do so; and 3) provide the government with an equal opportunity to speak as that which the court provided to the defendant's counsel. Palmer claims that the District Court failed to provide his counsel with adequate opportunity to speak on his behalf as required by this Rule, and that in so doing, did not allow his counsel "to comment on matters relating to an appropriate sentence." Irizarry v. United States, 553 U.S. 708, 715 (2008) (quoting Fed. R. Crim. P. 32(i)(1)(C)) (internal quotation marks omitted). We cannot agree.

Although the District Court undeniably shortened the argument of Palmer's counsel, that fact alone does not constitute procedural error. As this Court has previously articulated, a defendant is entitled to his counsel having a "*meaningful* opportunity" to comment on matters relevant to sentencing. See United States v. Nappi, 243 F.3d 758, 764 (3d Cir. 2001) (addressing the opportunity defense counsel must be given to comment on a presentence report).

In the present case, as the exchange between the District Court and Palmer's counsel makes clear, the District Court indicated that it had heard sufficient argument on whatever factors it considered to be relevant to Palmer's sentence. Palmer has not alleged that the District Court relied on any impermissible factors or any erroneous factual conclusions, he has merely asserted that the District Court might have done so. Palmer has, however, claimed that the District Court never heard about Palmer's own history and character, which it was required to consider under § 3553(a). Because this is the only specific error he alleges in his brief, his claim is wholly dependent on his claim that there was no argument made relating to evidence of his character and history.

In addition to his counsel's argument at the sentencing hearing, Palmer introduced the testimony of two family witnesses who testified to his personal qualities, and Palmer himself offered allocution of his good character to the District Court. In light of this substantial evidence of Palmer's history and character, we cannot conclude that the District Court did not properly consider the relevant § 3553(a) factors. We note that Palmer has not specifically articulated a single additional point he believes the District Court judge was precluded from hearing. We therefore conclude that between the argument of Palmer's counsel, his witnesses, and his own allocution, the District Court judge had all of the information he needed when he ended argument by Palmer's counsel. We hold that the District Court did not err in its sentencing colloquy with Palmer's counsel.

IV.

Because we conclude that the District Court did not commit procedural error at Palmer's sentencing, we will affirm the District Court's sentence.