[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-14041
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 13, 2012
JOHN LEY
CLERK

D.C. Docket No. 2:11-cr-00020-JES-SPC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN BOBBY MCGEE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 13, 2012)

Before BARKETT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

John Bobby McGee appeals his 120-month sentence for one count of bank

robbery, in violation of 18 U.S.C. § 2113(a). On appeal, McGee argues that his sentence was both procedurally and substantively unreasonable. After careful review, we affirm.

I.

McGee urges us to set aside his sentence as procedurally unreasonable for three different reasons. None has merit. First, McGee argues that the district court made an error in calculating the advisory guidelines range. Specifically, he asserts that the district court erred in finding that the tackle box that he filled with sand and that he placed on the teller's desk was a "dangerous weapon" under U.S.S.G. § 2B3.1(b)(2). Although he acknowledges that he portrayed the box as a bomb, he insists that it was not a "dangerous weapon."

We reject this argument because under U.S.S.G. § 2B3.1(b)(2), an object is a "dangerous weapon" if "the defendant used [it] in a manner that created the impression that [it] was an instrument capable of inflicting death or serious bodily injury." U.S.S.G. § 2B3.1 cmt. n.2 (2010). Here, in light of McGee's statement to the bank teller that the box could "go off," in which case she would be "visiting Martin Luther King," we cannot say that the district court erred in finding that the box was a "dangerous weapon."

Second, McGee asserts that the district court did not provide a sufficient

2

explanation for its decision to vary upward.[1]  However, the district court stated

that it considered all of the factors under 18 U.S.C. § 3553(a).  The district court

also discussed what it said was a "truly astounding" criminal history, and it

indicated that an upward variance was warranted because of the risk of recidivism.

This brief explanation, in our view, is "complete enough to allow meaningful

appellate review."  United States v. Shaw, 560 F.3d 1230, 1238 (11th Cir. 2009).

Third, McGee asserts that the district court failed to provide notice of its

intent to vary upward.  He suggests that because a defendant's criminal history is a

ground for an upward departure, see U.S.S.G. § 4A1.3(a), notice was required.

McGee emphasizes that under Federal Rule of Criminal Procedure 32, a district

court is generally required to provide notice that it is "contemplating . . . a

departure."  Fed. R. Crim. P. 32(h).  This argument fails because the Supreme

Court has held that the notice requirement under Rule 32 does not extend to

variances.  See Irizarry v. United States, 553 U.S. 708, 715–16, 128 S. Ct. 2198,

2203 (2008).

## II.

Finally, McGee argues that the sentence is substantively unreasonable.  We

---

[1] The district court found that the advisory guidelines range to be 92 to 115 months imprisonment.  The court imposed a sentence of 120 months imprisonment.

3

examine the substantive reasonableness of a sentence under the deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 598 (2007). Under that standard, we may vacate a sentence only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors." United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotation marks omitted). "We may not—it bears repeating—set aside a sentence merely because we would have decided that another one is more appropriate." Id. at 1191.

McGee argues that the district court erred in varying upward based on his criminal history. McGee suggests that the guidelines adequately accounted for that, and he emphasizes that the government recommended a sentence within the guidelines range. He also asserts that the district court improperly discounted his acceptance of responsibility, his age, and his mental and physical health. However, bearing in mind the deference that we must accord to the sentencing decisions of the district courts, we cannot say that the sentence here is substantively unreasonable.

As the district court observed, McGee has an extensive criminal history. The pre-sentence investigation report indicates that McGee had at least thirty prior convictions. In fact, he committed the offense that gave rise to this prosecution

4

while he was on probation as part of five different sentences. Beyond that, a significant number of McGee's prior convictions did not result in any criminal history points. Even so, he accumulated twenty-four points, considerably more than the thirteen he needed in order to be placed in criminal history category VI. In view of all of this, we cannot say that "the district court committed a clear error of judgment" in concluding that a five-month variance was needed in order to reflect McGee's criminal history and the risk of recidivism. Irey, 612 F.3d at 1190.

**AFFIRMED.**