**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1588
_____

UNITED STATES OF AMERICA

v.

JAMAR FISHER,
a/k/a Netty

JAMAR FISHER,
                                        Appellant


_____


On Appeal from the United States District Court
for the District of New Jersey
(District Court No.: 1-12-cr-00777-001)
District Court Judge:  Honorable Renee Marie Bumb

_____


Submitted under Third Circuit LAR 34.1(a)
January 20, 2015


Before:  RENDELL, SMITH and KRAUSE, <u>Circuit Judges</u>


(Opinion filed: January 29, 2015)

_____

O P I N I O N[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**RENDELL**, Circuit Judge:

Appellant Jamar Fisher appeals his 96-month sentence, which was imposed when he pled guilty to possession with intent to distribute drugs. We will affirm.

## I. Background

Fisher was arrested for and pled guilty to possession with intent to distribute drugs. In ultimately sentencing him, the District Court determined he was not a career-offender but determined that an "upward variance" was warranted based on the appropriate 18 U.S.C. § 3553(a) factors. Although the Guidelines range was 30 to 37 months, Fisher was sentenced to a term of 96 months due to his criminal history and likelihood of recidivism. Fisher now appeals his sentencing, arguing it was procedurally and substantively defective.

## II. Jurisdiction and Standard of Review

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have jurisdiction pursuant to 28 U.S.C. § 1291. Regardless of whether the sentence imposed is within the federal Sentencing Guidelines range, "the appellate court must review the sentence under an abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007). First, we must "ensure that the district court committed no significant procedural error." *Id*. Next, we consider "the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id*. If the sentence is outside the Guidelines range, we will give some deference to the district court's decision that the § 3553(a) factors justify the variance. *Id*.

2

## III.    Discussion

Fisher first argues that his sentence was procedurally defective because the District Court wrongly termed its action an upward "variance," when it was actually a departure under U.S.S.G. § 4A1.3 because his criminal history category under-reported the seriousness of his criminal history.  Thus, he urges that the District Court's alleged "upward departure" was imposed without the appropriate written opinion.  In the alternative, he asks that his sentence be vacated based on the District Court's lack of clarity.

In sentencing a defendant, a District Court must exercise its discretion by considering the relevant § 3553(a) factors regardless of whether the sentence varies from the Guidelines.  *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006).  Departures require a motion, *United States v. Brown*, 578 F.3d 221, 225-26 (3d Cir. 2009), since the court must give parties reasonable notice of a sentencing departure, *Irizarry v. United States*, 553 U.S. 708, 709-10 (2008).  Variances, on the other hand, are "discretionary changes to a guidelines sentencing range based on a judge's review of all the § 3553(a) factors and do not require advance notice."  *Brown*, 578 F.3d at 226.

Whether a district court has imposed a departure or a variance has consequences for our review.  *Id.*  When reviewing a variance, we evaluate the district court's analysis of the § 3553(a) factors; when reviewing a departure, we must consult the relevant Guidelines provision in order to determine whether the departure was appropriate.  *Id.*  Since departures require motions, and no formal motions requesting an upward departure were filed here, the only procedurally valid method the District Court could have used in

3

increasing Fisher's sentence was through an upward variance. Thus, the threshold question is whether the District Court imposed an upward variance or improperly imposed an upward departure.

While Fisher points out that the District Court did initially state in a memorandum opinion that an "upward departure" was warranted, the District Court clearly misspoke and, at a hearing soon thereafter, specifically stated, "I think I am contemplating an upward variance . . . . I am aware that my memorandum had said departure." (App. 53.) Furthermore, at the March 10, 2014 sentencing hearing, the District Court stated, "there was a motion for a downward departure which has been withdrawn in light of the court's finding . . . and we are now at the stage of the consideration by this court of the § 3553(a) factors." (*Id.* at 115-16.) The "stage" at which a court evaluates § 3553(a) factors is when it considers an upward variance. *Brown*, 578 F.3d at 225-26. Finally, before analyzing the § 3553(a) factors, the District Court stated that "it appeared to the court that an upward variance was warranted." (App. 137.) Thus, the District Court clearly intended to apply a variance despite its mistake in its initial opinion, and Fisher was well aware of the correction and the District Court's intended action.[1]

As we conclude that there was no procedural error, we next consider whether the sentencing was substantively defective. Substantive defects are reviewed for abuse of discretion, granting high deference to the District Court's findings. *Gall*, 552 U.S. at 51.

---

[1] In finding that the District Court appropriately applied an upward variance, we need not consider Fisher's other two claims regarding the procedural inadequacies of the alleged "upward departure" and his alternative argument, which asks us to vacate his sentence if we cannot discern whether a variance or departure was granted.

Fisher first contends that the District Court did not consider all of the relevant sentencing factors, instead placing too much weight on his likelihood of recidivism and criminal history. The § 3553(a) factors explicitly look at "the history . . . of the defendant" as well as the likelihood of "further crimes of the defendant." 18 U.S.C. § 3553(a)(1), (a)(2)(C). Specifically, recidivism is the most traditional basis for an increase in a defendant's sentencing. *Almendarez-Torres v. United States*, 523 U.S. 224, 245 (1998). The District Court did rely on Fisher's high rate of recidivism and his past crimes in determining his sentence but not to the exclusion of other factors, including "respect for the law," "deterrence," "education or vocational training," and "protecting the public from further crimes." (App. 141-43.) Furthermore, when asked whether any factors were not addressed in his sentencing, Fisher replied in the negative. (*Id.* at 143.) Thus, the District Court appropriately considered all of the relevant sentencing factors.

Fisher next claims that the District Court failed to adequately explain the chosen sentence. A sentencing court has an obligation to explain why the variance is appropriate in light of the factors set forth in § 3553(a) and the meritorious objections of the parties. *See United States v. Negroni*, 638 F.3d 434, 446 (3d Cir. 2011); *United States v. Kononchuk*, 485 F.3d 199, 204 (3d Cir. 2007). Here, almost seven pages of the record is devoted to the District Court's reasoning as to why Fisher's criminal history and the ineffectiveness of his previous probation and imprisonment warrant a longer sentence. (App. 137-43.) Thus, the District Court appropriately explained Fisher's chosen sentence.

5

Fisher finally claims that the District Court erroneously relied on his criminal history in imposing an upward variance since the Guidelines already account for his criminal history. While a criminal history category attempts to classify the history of the defendant as compared to others for baseline purposes, it does not do away with the court's obligation to take the nature and extent of that history into account in determining the appropriate sentence. Indeed, § 3553(a) requires the court to consider criminal history and recidivism. In imposing a sentence above the advisory guidelines range, an upward variance is based on the consideration of these same § 3553(a) factors. *United States v. Ausburn*, 502 F.3d 313, 325 (3d Cir. 2007). Thus, the § 3553(a) factors, which include the defendant's criminal history, are considered when imposing the Guidelines range, as stated above, and when imposing an upward variance. As such, the District Court appropriately considered the defendant's criminal history when imposing the upward variance.

## IV. Conclusion

Because the District Court appropriately applied an upward variance, we will affirm the sentencing of the District Court.