[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-14641
Non-Argument Calendar

_____

D.C. Docket No. 6:19-cr-00160-PGB-LRH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

THOMAS ROWLAND,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 21, 2020)

Before WILLIAM PRYOR, Chief Judge, WILSON and ANDERSON, Circuit
Judges.

PER CURIAM:

Thomas Rowland appeals his sentence of 300 months of imprisonment

following his plea of guilty to attempting to entice a minor to engage in sexual

activity. 18 U.S.C. § 2422(b). Rowland argues that the decision to vary upward from his statutory mandatory minimum sentence of 120 months of imprisonment made his sentence procedurally and substantively unreasonable. We affirm.

Rowland admitted that, on March 24, 2019, he responded to an undercover agent's advertisement on a website for adults seeking sexual encounters with children and, over the next three months, he planned an eight-day tryst with the agent's fictitious 13-year-old daughter. Rowland referred to the tryst as a "play date" and stated that he had "a little . . . [prior experience with] a gf's 14yo dau." He inquired about using condoms, about the girl's "[o]ral/vaginal/anal availability," and if she expected a "sexy/loving," "mild bondage (blindfolds, cuffs)," or "slut training" encounter. Rowland also asked if the agent would watch and record the events and if he wanted to "spit-roast or DP (double penetrate)" the young girl. Rowland told the agent that he "plan[ned] to check a bag full of fun" on his flight from Philadelphia, he requested the girl's body measurements to buy "sexy outfits," he inquired whether a weight bench would be available to tie the girl to, and he shared that he had "been walking around with a permanent hardon thinking about this." Rowland asked the agent to have on hand "a good-sized bottle of baby oil," "some good, soft cotton rope," "lots of conventional lube," "towels," "baby wipes," and "a couple of small jars of vaseline" available "in several rooms." Rowland elaborated that he "like[d] to use [Vaseline] to prep an asshole

2

before fucking it – its easier to get inside and make sure its well-prepped" and "nothin kills [his] moood like having to hunt down the lube." And Rowland emailed the agent a collection of photographs of items he had purchased, including bunny ears and a nose, nipple clamps, an anal plug with a pink fur ball attached, a glass dildo, a silver-colored anal plug, two Ben Wa balls, a vibrator, one pair of handcuffs, two other pairs of restraining devices, ball gags, and an assortment of schoolgirl and cheerleader outfits. On June 21, 2019, after the agent collected Rowland from the airport in Orlando, federal agents performed a traffic stop, arrested Rowland, and discovered in his luggage the sex toys and outfits he had referenced in his messages and other paraphernalia used for sexual activities.

Rowland admitted, by failing to object, to the facts and calculations in his presentence investigation report. *See United States v. Wade*, 458 F.3d 1273, 1277 (11th Cir. 2006). The presentence report stated that Rowland, at 51 years old, had never been married and had no children, but had been involved with a mother of three children for nine months. The report also stated that, at Rowland's request, the agent had sent a photograph showing a young girl holding a sign that said, "Hurry down Uncle Tom," and that Rowland saw the cotton rope he had requested inside the agent's car before being arrested. The report described the findings of Eric Imhof, a psychologist, that Rowland had Pedophilic Disorder and of a polygraph examiner that Rowland's nominal reactions suggested he was not being

deceptive when denying having had sexual contact with a minor. The report assigned Rowland a total offense level of 27 and a criminal history category of I, which resulted in an advisory guideline range of 70 to 87 months of imprisonment. But because Rowland had a mandatory statutory minimum sentence of 120 months of imprisonment, that became his guideline sentence. United States Sentencing Guidelines Manual § 5G1.1(b) (Nov. 2018).

At sentencing, Rowland requested the mandatory minimum sentence and highlighted parts of his messages stating that he would not force the girl into unwelcome activities, but the district court decided to vary upward and sentence him to 300 months of imprisonment. The district court stated that the statutory minimum was inadequate to address the seriousness of Rowland's crime and to deter him from future similar conduct. The district court explained that it selected a sentence based on Rowland's criminal charge, his plea agreement, his presentence report, the findings of Dr. Imhof and the polygraph examiner, the Sentencing Guidelines, the statutory sentencing factors, 18 U.S.C. § 3553(a), and sentences it had imposed in other cases. The district court stated that it did not consider Rowland's conduct to be "as severe as" a case in which it sentenced a man to life imprisonment for having bragged about having prior similar experiences and flew to Orlando with devices in hand intended to "inflict[] pain" on a 12- or 13-year-old child. And the district court stated that Rowland's conduct was more serious than

4

cases in which it had imposed a 10-year sentence on a 64-year-old man with bipolar disorder who contacted unwittingly an undercover agent to arrange a sexual encounter with his fictional 12-year-old; a 365-month sentence on a 35-year-old man with mental health issues who shared images of child pornography and communicated with an agent about having sex with fictional 9- and 11-year-old girls; and a 210-month sentence on a 30-year-old man who made an online inquiry "for the first time" about having sex with a young girl.

We review the reasonableness of a sentence under a deferential standard for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). "[A] sentence may be reviewed for procedural or substantive unreasonableness." *United States v. Ellisor*, 522 F.3d 1255, 1273 (11th Cir. 2008). We must ensure, first, that the district court did not commit a procedural error by, among other things, "failing to consider the [statutory sentencing] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall*, 552 U.S. at 51. Next, we ensure that the sentence is substantively reasonable in the light of the sentencing factors, 18 U.S.C. § 3553(a). *Id.* Because the abuse of discretion standard "allows a range of choice for the district court," we will not disturb the sentence imposed unless "we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors

5

by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1189, 1190 (11th Cir. 2010) (en banc) (internal quotation marks omitted).

Rowland's sentence is procedurally reasonable. The district court explained that the mandatory minimum sentence punished the "least offensive conduct" and its chosen sentence achieved parity with the sentences it had imposed on other child predators and addressed the egregiousness of Rowland's conduct. *See Gall*, 552 U.S. at 51. And the district court stated that it found "troubling" Rowland's lengthy and graphic planning, his demeaning demand that the child invite him to come to her, and his resolve to abuse a child as evidenced by his interstate travel and his transportation of devices intended to satiate his prurient interests. The district court also explained that Rowland's "vile" behavior merited discounting the psychologist's opinion that Rowland had a below-average risk of offending. Rowland argues that he was deprived of his rights "to a fair proceeding" and "to effective assistance of counsel" when he did not receive notice that the district court intended to impose an above-guidelines sentence, but notice is required only for a departure from the Sentencing Guidelines, *see* Fed. R. Crim. P. 32(h), not a variance from the recommended sentencing range, *Irizarry v. United States*, 553 U.S. 708, 710–16 (2008).

Rowland's sentence of 300 months of imprisonment is also substantively reasonable. That sentence is within the "range of reasonable sentences dictated by the facts of [this] case," *Irey*, 612 F.3d at 1190. Rowland's messages, preparation, purchases, and journey evidenced that he was a man who longed to and would go to great lengths to molest a young girl. The district court reasonably determined that varying upward 180 months above Rowland's guideline sentence was required to address the seriousness of his conduct, to deter him from committing future similar crimes, to protect the public, and to avoid an unwarranted sentencing disparity. *See* 18 U.S.C. § 3553(a). We have affirmed variances of comparable magnitude. *See United States v. Rosales-Bruno*, 789 F.3d 1249, 1256–57 (11th Cir. 2015) (affirming sentence more than three times as long as the top of the recommended sentencing range); *United States v. Early*, 686 F.3d 1219, 1221–23 (11th Cir. 2012) (affirming sentence 113 months above the advisory guideline range). And the district court sentenced Rowland far below the statutory maximum sentence of imprisonment for life. We cannot say that the district court abused its discretion.

We **AFFIRM** Rowland's sentence.