**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-50270 |
| Plaintiff-Appellee, | D.C. No. 2:22-cr-00323-PA-1 |
| v. | |
| MUHAMMAD NOOR UL AIN ATTA, AKA Muhammad Atta, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted December 11, 2023[**]
Pasadena, California

Before: GRABER, CHRISTEN, and OWENS, Circuit Judges.

Muhammad Noor Ul Ain Atta appeals his 102-month sentence and

$6,643,540 restitution order following his guilty plea to wire fraud and money

laundering for fraudulently obtaining COVID-19 relief loans. We have jurisdiction

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

pursuant to 28 U.S.C. § 1291, and we affirm.

1. The district court did not exhibit bias at sentencing, nor did the court's remarks suggest that the sentence was influenced by Atta's immigrant background. "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings . . . do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Prior to the sentencing hearing, Atta wrote in a letter to the court about his journey to the United States, the importance of his American citizenship, and his remorse for "violat[ing] the trust of [his] fellow citizens." At sentencing, the district court addressed those themes by discussing the "many hardships" Atta had overcome and the "high privilege" of receiving American citizenship. The court noted that "with the privilege of citizenship comes an important obligation: Respect for the law. . . . And no person is above the law." The court concluded that "by his actions, this defendant has shown that he has little or no respect for the laws of his adopted country." Those comments responded to Atta's letter and did not show a "deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.*

2. The district court did not err by failing to provide notice of a potential upward variance under Federal Rule of Criminal Procedure 32(h), which requires

2

notice "[b]efore the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission." Rule 32(h) applies only to departures, not to variances. *Irizarry v. United States*, 553 U.S. 708, 714–16 (2008). The district court did not depart from the guideline range, and imposed a variance because of the complexity of Atta's scheme, the need to deter similar defendants, and the court's concerns about perceived unfairness in white-collar sentences. Because the court's variance rested on the factors enumerated in 18 U.S.C. § 3553(a), no notice was required. *See United States v. Rangel*, 697 F.3d 795, 803 (9th Cir. 2012) (holding that because the district court did not mention a departure and explicitly relied on § 3553(a) factors, the sentence imposed was a variance that did not require notice under Rule 32(h)).

3. Atta contends that his $6,643,540 restitution order should be reduced by $1,094,574 to credit him for repaying the remaining balance of a 2016 Small Business Administration loan—which he paid using some of the fraudulent 2020 loans that are the basis of this conviction—because the "victim" in both cases is the United States government. Atta was obligated to pay back his 2016 loan *in addition to* his fraudulent 2020 loans. Paying off the first loan did not decrease the amount due on the second set of loans.

**AFFIRMED.**