[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-10743

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

SHARON COLLINS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:21-cr-00200-TFM-B-1

_____

Before WILLIAM PRYOR, Chief Judge, and BRASHER and ABUDU, Circuit Judges.

PER CURIAM:

Sharon Collins appeals her sentence of 60 months of imprisonment imposed after she pleaded guilty to 12 counts of wire fraud. 18 U.S.C. § 1343. Collins argues that she was entitled to notice that she would receive a sentence above the advisory guideline range because the district court erroneously described its upward departure as a variance. Fed. R. Crim. P. 32(h). Alternatively, she argues that if the district court varied instead of departed, the upward variance renders her sentence unreasonable. We affirm.

The district court correctly described its sentence as a variance, so Collins was not entitled to notice. *See Irizarry v. United States*, 553 U.S. 708, 713–14, 716 (2008). The district court stated that Collins's advisory guideline sentencing range of 33 to 41 months failed to adequately account for the seriousness of her crime and the fact that the victim of her extensive fraudulent scheme was a church that employed her as its financial secretary. After the district court stated that it correctly calculated Collins's advisory guideline range, it determined that a sentence of 60 months of imprisonment was appropriate based on her serious criminal conduct of stealing $209,000 from the church and the need for deterrence. Because its reasoning relied on the statutory sentencing factors, and not a guidelines departure provision, the district court imposed an upward variance as reflected in its written

statement of reasons, and Collins was not entitled to notice, Fed. R. Crim. P. 32(h). *See United States v. Hall*, 965 F.3d 1281, 1295, 1297 (11th Cir. 2020).

The district court did not abuse its discretion in sentencing Collins to 60 months of imprisonment. The district court varied upward from the advisory guideline range based on the "disturbing" nature of her conduct and the harm to the victims that went "beyond dollars and cents." The district court explained that "over and over and over again" Collins had wronged an entity and people whose purpose was to serve the community. In the light of these circumstances, the district court reasonably determined that a sentence 19 months above the recommended range was necessary to address the nature and circumstances of Collins's offense, her history and characteristics, and the seriousness of her offense and to promote respect for the law, impose a just punishment, deter similar future crimes, and protect the public. 18 U.S.C. § 3553(a); *see Gall v. United States*, 552 U.S. 38 (2007). Collins's sentence, which is well below the maximum statutory sentence of 20 years of imprisonment, is reasonable.

We **AFFIRM** Collins's convictions and sentence.