[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11385

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ANTOINE ROBERT SHELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 1:22-cr-00021-LAG-TQL-1

_____

Before WILSON, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Antoine Robert Shell appeals his sentence of 120 months' imprisonment for being a felon in possession of a firearm. He argues that Georgia aggravated assault does not qualify as a crime of violence and that, therefore, the district court calculated the incorrect guideline range. He also contends that the court's 120-month sentence was a substantively unreasonable upward departure.

When appropriate, we will review the interpretation and application of the sentencing guidelines *de novo*. *United States v. Cingari*, 952 F.3d 1301, 1305 (11th Cir. 2020). Where a sentencing court explicitly states that a guideline determination was immaterial to the ultimate sentence imposed because it would have imposed the same sentence under its § 3553(a) authority, however, we will not remand for resentencing, even if the guideline determination was erroneous. *United States v. Keene*, 470 F.3d 1347, 1348-50 (11th Cir. 2006). Rather, in that circumstance, we will assume the enhancement did not apply and then review the final sentence to ensure that it is substantively reasonable. *Id.* at 1349. Specifically, we will reduce the guideline range according to the way the defendant argued and analyze whether the sentence would be substantively reasonable under that guideline range. *Id.* at 1349-50.

Under U.S.S.G. § 2K2.1(a)(3), a base offense level of 22 applies where the offense involved a semiautomatic firearm, and the defendant committed the instant offense after sustaining one

felony conviction of a crime of violence. U.S.S.G. § 2K2.1(a)(3). The Guidelines state that the base offense level should be enhanced by 4-points if the defendant used or possessed a firearm or ammunition in connection with another felony offense. *Id.* § 2K2.1(b)(6)(B). Additionally, the Guidelines allow for a 3-point reduction where the defendant has demonstrated an acceptance of responsibility. *Id.* § 3E1.1(a), (b). A base offense level of 23, paired with a criminal history category of VI, yields a guideline imprisonment range of 92 to 115 months. *Id.* ch. 5, pt. A.

Here, Shell's challenge to his base offense level fails because, under *Keene*, even if the district court erred in overruling his objection to the enhancement based on his Georgia aggravated assault conviction, that error did not affect the outcome of his sentence. Instead, the court explained that it would have imposed the same 120-month sentence irrespective of the guideline range. *See Keene*, 470 F.3d at 1348-50. As such, the focus shifts back to substantive unreasonableness of the sentence with a guideline range that has been lowered to 92 to 115 months. *See id.* at 1349.

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard of review. *Gall v. United States*, 552 U.S. 38, 41 (2007). The party challenging the sentence bears the burden of demonstrating that the sentence is unreasonable in light of the record, the factors listed in 18 U.S.C. § 3553(a), and the substantial deference afforded sentencing courts. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015).

We examine whether a sentence is substantively reasonable by considering the totality of the circumstances. *Gall*, 552 U.S. at 51. The district court must impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a)(2).

The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). The district court is free to consider any information relevant to a defendant's background, character, and conduct in imposing an upward variance. *United States v. Tome*, 611 F.3d 1371, 1379 (11th Cir. 2007). We give due deference to the district court's decision that the § 3553(a) factors, as a whole, justify the extent of the variance. *Gall*, 552 U.S. at 59-60.

A court can abuse its discretion when it (1) fails to consider relevant factors that were due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) commits a clear error of judgment by balancing the proper factors unreasonably. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*). Where a district court imposes an upward variance based upon the § 3553(a) factors, it must have a justification compelling enough to support the degree of the variance. *United States v. Early*, 686 F.3d 1219, 1221 (11th Cir. 2012). But a "rigid mathematical formula that uses the percentage of a departure as the standard for determining

23-11385                Opinion of the Court                5

the strength of the justifications required for a specific sentence" is not appropriate. *Gall*, 552 U.S. at 47. While an appellate court may take the degree of variance into account, there is no rule that requires "extraordinary" circumstances to justify a sentence outside the guidelines range. *Id.*

A sentence is potentially unreasonable if the district court unjustifiably relied on a single factor. *United States v. Kuhlman*, 711 F.3d 1321, 1327 (11th Cir. 2013). However, significant reliance on a single factor does not necessarily render a sentence unreasonable. *Id.* Additionally, a sentence outside the guidelines carries no presumption of unreasonableness. *Irizarry v. United States*, 553 U.S. 708, 714 (2008). We will vacate on substantive reasonableness grounds only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case. *Irey*, 612 F.3d at 1190.

Here, the district court did not abuse its discretion in imposing the 120-month sentence. *Gall*, 552 U.S. at 41. Shell fails to show that this sentence is substantively unreasonable when considering the record and the § 3553(a) factors. *Tome*, 611 F.3d at 1378. The court considered and explained the § 3553(a) factors in sentencing Shell. In particular, the district court noted the nature and circumstances of the offense, Shell's history and characteristics, and the need to protect the public and promote respect for the law. The court also explicitly considered Shell's trauma following Hurricane

Katrina but found that it did "not excuse [him] then [wreaking] violence on other people and on the community." Even assuming, *arguendo*, that the district court relied heavily on Shell's past criminal history, significant reliance on a single factor does not necessarily render a sentence unreasonable. *Kuhlman*, 711 F.3d at 1327. Finally, even under a guideline range of 92 to 115 months, a sentence five months above this range carries no presumption of unreasonableness. *Irizarry*, 553 U.S. at 714.

In sum, the court provided sufficient justifications to support Shell's 120-month sentence. *Gall*, 552 U.S. at 60. Thus, Shell's sentence is substantively reasonable, and we also affirm in this respect.

**AFFIRMED.**