[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11481
Non-Argument Calendar
_____

D.C. Docket No. 3:11-cr-00068-CAR-CHW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARK GOSS,
a.k.a. Ronald Mark Goss,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(November 30, 2012)

Before MARCUS, WILSON, and PRYOR, Circuit Judges.

PER CURIAM:

Mark Goss appeals his sentence of 144 months of imprisonment following his plea of guilty of using the mail to distribute false information to victims of his fraudulent investment scheme. 18 U.S.C. § 1341. Goss argues, for the first time, that he was entitled to notice that he would receive a sentence above the advisory guideline range or, alternatively, to a continuance to prepare a response to the victim impact statements used to fashion his sentence. Goss also argues that his sentence is unreasonable. We affirm.

The district court did not err, much less plainly err, in failing to give Goss notice of its decision to impose an above-guideline sentence or to sua sponte continue Goss's sentencing hearing. Goss was not entitled to notice that the district court intended to vary from the advisory guideline range. See Irizarry v. United States, 553 U.S. 708, 713–14, 716, 128 S. Ct. 2198, 2202–03 (2008). Although the district court used the word "depart" to describe its discretionary authority to the victims who attended Goss's sentencing hearing and to explain that the sentence was atypical, the district court stated during the hearing and in its written statement of reasons that its sentencing decision was based on a variance from the advisory guideline range, not a departure under a provision of the Sentencing Guidelines. See United States v. Kapordelis, 569 F.3d 1291, 1316 (11th Cir. 2009). The district court discussed the "nature and circumstances of

[Goss's] offense" and his "history and characteristics," and then the district court explained that it was "varying from the advisory guideline range pursuant to the factors found at 18 USC Section 3553(a)" because "the advisory guideline sentencing range [was] inadequate to address [either] the gravity of [Goss's] criminal conduct . . . [or] the impact that [his] conduct . . . had on the lives of victims in the community."  And the district court was not required to sua sponte continue Goss's sentencing hearing to allow him investigate and respond to the victims' accounts of fraud.  Goss had been forewarned of the import of the victim's statements in the presentence investigation report.  The report stated that 25 individuals and 9 couples had submitted victim impact statements and that most of Goss's victims had been elderly and "trusted him" because they had "met Goss at church, through Senior Citizen groups[,] . . . had known him since he was a child[,]" and, in some cases, "had purchased insurance from him."  Goss declined to cross-examine any of the victims during his sentencing hearing, and he did not request a continuance to respond to their statements.

The district court also did not abuse its discretion in sentencing Goss to 144 months of imprisonment.  The district court varied upward from the advisory guideline range of 63 to 78 months based on the "victim statements and . . . the quarterly reports . . . that Mr. Goss sent to his investors," which revealed that Goss

3

used a "very elaborate cover-up" in the course of defrauding 41 individuals and 10 couples of almost $2 million over the course of nine years.  In the light of these circumstances, the district court reasonably determined that a sentence above the recommended range was necessary to address the nature and circumstances of Goss's offense, his history and characteristics, and the seriousness of his offense and to promote respect for the law, impose a just punishment, deter similar future crimes, and protect the public.  18 U.S.C. §  3553(a); see Gall v. United States, 552 U.S. 38, 128 S. Ct. 586 (2007).  Goss's sentence, which is well below the maximum statutory sentence of 20 years of imprisonment, is reasonable.

We **AFFIRM** Goss's sentence.