Affirmed by unpublished PER CURIAM opinion. Senior Judge Payne wrote a separate opinion concurring in part and concurring in the judgment.
Unpublished opinions are not binding precedent in this circuit.
PER CURIAM:
James Edward Whitley pleaded guilty to charges of wire fraud, in violation of 18 U.S.C. § 1343, and money laundering, in violation of 18 U.S.C. § 1957, based on his activities in conducting a fraudulent investment scheme. The district court found that under the United States Sentencing Guidelines (the guidelines), Whitley’s advisory range of imprisonment was 57 to 71 months on each count. Upon determining that sentences within the guidelines range would be insufficient, the court imposed concurrent sentences of 120 months’ imprisonment on the two counts.
On appeal, Whitley argues that the district court committed procedural error in its sentencing determination because the court did not specify whether it was imposing departure-based sentences under the guidelines, or instead was imposing variant sentences based on the factors set forth in 18 U.S.C. § 3553(a). Whitley further argues that the sentences are substantively unreasonable because they are excessive. Upon our review, we conclude that the district court did not commit procedural or substantive error as alleged. Accordingly, we affirm the district court’s judgment.
I.
In September 2010, a grand jury issued a twenty-count indictment charging Whitley with six counts of wire fraud and fourteen counts of money laundering. These charges resulted from a government investigation revealing that Whitley engaged in a three-year scheme of defrauding friends, family members, and acquaintances (collectively, the victims), who had invested their money with Whitley. Whitley solicited funds from the victims by representing that he was in the business of brokering purchase order factoring contracts.[1] Whitley told the victims that he had contracts with certain companies, that the victims’ funds would be invested in those companies, and that the victims would re *156 ceive their return of capital after the expiration of the companies’ factoring contracts. Whitley provided the victims with promissory notes specifying both interest rates and due dates.
Whitley did not use any of the funds he received from the victims to invest in a factoring business. Instead, Whitley used the funds to further his fraudulent scheme and for his personal use. For instance, as is typical of a Ponzi scheme, Whitley used some of the funds he received from later investors to pay initial investors interest on the money they had provided, thereby creating the impression that the investment was successful. Whitley also used some of the proceeds from his scheme to pay off a construction loan for his secondary residence, a beach house on Bald Head Island, North Carolina. Additionally, Whitley used some funds provided by the victims to take beach vacations to the Caribbean and ski trips to Colorado. Whitley’s scheme affected at least 25 victims and resulted in a collective loss of about $7 million.
Whitley and the government entered into a plea agreement, under which Whitley agreed to plead guilty to one count of wire fraud and one count of money laundering in exchange for the government agreeing to dismiss the other 18 counts alleged in the indictment. The parties also stipulated in the plea agreement that the amount of loss was between $2.5 million and $7 million for purposes of Whitley’s advisory guidelines sentencing range. After the district court accepted Whitley’s guilty plea, the United States Probation Office prepared Whitley’s presentence investigation report (PSR), in which the probation officer calculated an advisory guidelines range of 57 to 71 months’ imprisonment.[2]
At Whitley’s sentencing hearing, the district court adopted the probation officer’s calculations concerning Whitley’s advisory guidelines range. The district court also heard testimony from six victims concerning the impact of Whitley’s fraudulent scheme on them lives. Additionally, counsel from the government read statements from several other victims who were unable to attend the hearing.
The evidence presented at the sentencing hearing showed that Whitley’s conduct created significant emotional consequences for some victims, contributed to the demise of a marriage, and impaired some of the victims’ retirement and education plans. The victims’ statements and testimony also described Whitley’s tenacious and persistent pursuit of investment funds, the manner in which Whitley lied to the victims when they inquired about their investments, and Whitley’s lack of remorse toward them and his failure to attempt to repay the victims for their losses. The government asked that the district court sentence Whitley to a term of imprisonment “at the upper end” of his guidelines range, while Whitley’s counsel requested sentences “within the guideline[s] range.”
After receiving this evidence and considering the parties’ arguments, the district court sentenced Whitley to a term of imprisonment of 120 months on each count, to be served concurrently. The court stated that it considered Whitley’s advisory guidelines range and the sentencing factors set forth in 18 U.S.C. § 3553(a), and explained that the court did not think “that the advice of the guidelines reflects the [§ 3553(a) ] factors fully[,] [m]ost particularly, the need to promote respect for the law and to discourage this type of criminal conduct.” The court noted that Whitley *157 “preyed on people who had reason to trust [him],” that Whitley’s tactics were aggressive and persistent, and that the impact of Whitley’s conduct was “overwhelming.” The court also observed that Whitley continued to conduct his fraudulent scheme even after becoming aware that the government was investigating his activities. Near the end of the hearing, the district court provided further explanation why the court had “gone above the guideline[s] range,” stating that:
[T]he guideline[s] sentence does not accomplish [sic] in this case, given the pervasive nature of the scheme and the persons upon whom [Whitley] preyed and the impact upon those individuals, for all these reasons, also including what appears to be a lack of penitence on the part of [Whitley] where there’s been [an] opportunity ... given [to] him by the Court to begin to collect funds. I’m compelled to conclude that he’s a very dangerous person and that there’s a complete lack of respect for the law.
In announcing the sentences from the bench, the district court mentioned the § 3553(a) factors on several occasions but did not use either the term “variance” or the term “departure” in explaining the sentences. Notably, Whitley’s counsel did not ask the court during the sentencing hearing to specify whether the court was departing from the advisory guidelines range or instead was imposing variant sentences. After the court issued its judgment and written statement of reasons, Whitley timely filed a notice of appeal.
II.
A.
We first address Whitley’s challenge to the procedural reasonableness of his sentences. As a general matter, we review a district court’s imposition of a sentence, whether within or outside a defendant’s advisory guidelines range, under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 41, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The government, however, asserts that Whitley’s procedural reasonableness challenge is subject to review only for plain error, because Whitley did not raise in the district court the argument he presents here. See United States v. Olano, 507 U.S. 725, 732-34, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (discussing plain error standard of review).
We need not determine whether the more rigorous plain error standard applies in this case, because we conclude that the district court did not commit procedural error as alleged by Whitley, plain or otherwise. Whitley’s sole contention concerning procedural error is that the district court erred by “fail[ing] to specify at the sentencing hearing whether [the court] departed or varied in doubling the advisory guidelines [range].” Br. of Appellant at i, 10. Whitley concedes that under our precedent, a district court is not required to “first look to whether a departure is appropriate before varying.” See United States v. Diosdado-Star, 630 F.3d 359, 366 (4th Cir.2011) (citation omitted). However, Whitley contends that a new sentencing hearing is required because the district court allegedly failed to state whether it varied or departed in determining the 120-month sentences, and thus that the court violated the general principle stated in Diosdado-Star that a court must “adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing.” Id. at 365 (citation omitted); see Gall, 552 U.S. at 51, 128 S.Ct. 586 (listing ways in which a district court may commit procedural error, including by failing to adequately explain the chosen sentence).
*158 We reject Whitley’s argument because it is based on his mistaken assertion that there is “no way to determine how the [district] court arrived at the 120 month sentence[s].” Br. of Appellant at 12. The record of the sentencing proceedings refutes Whitley’s argument, and shows that the district court imposed variant sentences, rather than departure-based sentences.
The term “departure” has a unique meaning under the guidelines, and “refers only to non-Guidelines sentences imposed under the framework set out in the Guidelines.” Irizarry v. United States, 553 U.S. 708, 714, 128 S.Ct. 2198, 171 L.Ed.2d 28 (2008). Here, although the PSR identified a possible basis for departure under U.S.S.G. § 2Bl.l(b)(l),[3] the district court did not focus either on Whitley’s offense level or on any fees or other similar costs incurred. Thus, we conclude that the sentences were not imposed on the basis of this guidelines provision. Nor did the district court give the parties notice that the court was considering the imposition of departure-based sentences for any other reason, as would be required under Rule 32(h) of the Federal Rules of Criminal Procedure.
By contrast, “variant” sentences are drawn from consideration of the sentencing factors set forth in § 3553(a). See Irizarry, 553 U.S. at 714-15, 128 S.Ct. 2198; see also United States v. Rivera-Santana, 668 F.3d 95, 100 n. 6 (4th Cir.2012) (discussing the difference between a departure, a sentence imposed by reference to the defendant’s guidelines range, and a variance, “a non-Guidelines sentence” that is justified on the basis of the § 3553(a) factors) (citation omitted). During the sentencing hearing, the district court referred frequently to certain factors set forth in § 3553(a) in explaining Whitley’s sentences. Moreover, the written statement of reasons issued by the district court specified that the court imposed sentences “outside the advisory sentencing guideline system,”[4] and that “the court varied upwardly to a sentence of 120 months[’] imprisonment.” (Emphasis added.) Based on these statements in the record, we easily conclude that the district court imposed variant sentences, not departure-based sentences. Accordingly, we hold that Whitley’s procedural reasonableness claim lacks any merit.
In reaching this conclusion, we additionally observe that Whitley has not challenged the validity of our holding in Diosdado-Star that a district court is not required to consider whether any departures under the guidelines are applicable before imposing a variant sentence. See 630 F.3d at 365-66. At oral argument in this case, however, this Court raised the question whether the November 2010 amendments to U.S.S.G. § 1B1.1[5] have *159 undermined the above holding in Diosda-do-Star. Nevertheless, we do not answer that question here, because Whitley waived any such argument due to his failure to raise it in his brief to this Court. See Equal Rights Ctr. v. Niles Bolton Assocs., 602 F.3d 597, 604 n. 4 (4th Cir.2010) (holding that the appellant waived an argument by not raising it in the opening brief, even though that issue was discussed by the panel and the parties during oral argument); see also United States v. Hudson, 673 F.3d 263, 268 (4th Cir.2012) (holding that issues not raised in opening brief are waived). Moreover, Whitley cites with approval in his brief the very proposition in Diosdado-Star that this Court raised during oral argument in Whitley’s appeal, namely, that “a district court is not required to ‘first look to whether a departure is appropriate before varying.’ ” Br. of Appellant at 10 (quoting Diosdado-Star, 630 F.3d at 365-66). Accordingly, we hold that Whitley’s reliance on Diosdado-Star and his failure to challenge its vitality in light of amended U.S.S.G. § 1B1.1 precludes consideration of that issue here.
B.
Finally, we determine whether the district court abused its discretion in sentencing Whitley to concurrent terms of 120 months’ imprisonment, sentences well above his advisory guidelines range. In conducting a review of alleged substantive sentencing error, we review the sentences imposed for reasonableness, regardless whether they were based on the guidelines or were variant sentences. United States v. Evans, 526 F.3d 155, 164 (4th Cir.2008). When reviewing sentences that are outside the defendant’s advisory guidelines range, imposed either by departure or by variance, we consider whether the district court “acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range.” United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir.2007). In undertaking this analysis, we “must defer to the trial court and can reverse a sentence only if it is unreasonable, even if the sentence would not have been the choice of the appellate court.” Evans, 526 F.3d at 160 (emphasis omitted).
In sentencing Whitley on the basis of the § 3553(a) factors, the district court observed the “pervasive nature” of Whitley’s fraudulent scheme, the manner in which he had perpetuated the fraud, and his lack of remorse. The court also considered the testimony of Whitley’s victims, who discussed the impact of Whitley’s fraudulent scheme on their lives. See, e.g., id. at 163 (discussing with approval the district court’s consideration of the victims’ statements in affirming a sentence that was more than four times as much as the upper end of the defendant’s advisory guidelines range). Most notably, the district court discussed the need for sentences in excess of the guidelines range to protect the public, because when Whitley was “on notice of [the] investigation and notice of wrongdoing [he] continued to prey on others.” The district court also noted that substantial terms of imprisonment were justified by the need to provide adequate deterrence regarding similar criminal conduct and to promote respect for the law. After reviewing these reasons provided by the district court, as well as *160 the entire sentencing record and the parties’ arguments, we conclude that Whitley’s concurrent sentences of 120 months’ imprisonment are not substantively unreasonable.
III.
For these reasons, we affirm the district court’s judgment.

AFFIRMED.

. A "purchase order factoring contract” is needed when a supplier requires that a buyer pay for goods by cash on delivery, but the buyer wants to purchase the goods on 30 to 60 day terms. The purchase order contractor agrees to pay the supplier upon delivery of the goods, which enables the buyer to delay payment for a specified period of time.

. This range was calculated based in part on the parties' agreement concerning the amount of loss, which resulted in a total offense level of 25 under the guidelines.

.Under Application Note 19(A)(iii) to U.S.S.G. § 2B1.1(b)(1), a district court may make an upward departure to a defendant’s guidelines range in cases in which the offense level "substantially understates the seriousness of the offense,” on account of the offense involving a substantial amount of interest, finance charges, late fees, penalties, or "other similar costs, not included in the determination of loss.” The PSR mentioned this provision, but the probation officer did not make a recommendation concerning whether Whitley's sentence should be increased based on such a departure.

. The statement of reasons form includes a "check box” that would allow a court to indicate departure-based sentences. However, the district court did not mark that box denoting departure-based sentences, and instead marked the box indicating sentences based outside the guidelines system.

. The current iteration of that commentary section, titled "Application Instructions,” was enacted after appellate briefing in Diosdado-Star but before oral argument and the issuance of the opinion in that case. The Application Instructions provide that district courts *159 "shall determine the kinds of sentence and the guideline range as set forth in the guidelines ... by applying the provisions of this manual in the following order,” and lists the consideration of any departures from the guidelines before listing the consideration of the § 3553(a) factors. The parties in Diosda-do-Star did not bring to this Court’s attention this revision to U.S.S.G. § 1B1.1.