# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 20, 2013

No. 13-40038
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE MICHAEL GONZALEZ,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 2:11-CR-419-1

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Jose Michael Gonzalez appeals the 110-month sentence of imprisonment he received following remand for resentencing for being a felon in possession of a firearm. He contends, for the first time on appeal, that 18 U.S.C. § 3742(g)(2) barred the district court from imposing an upward variance at resentencing based on grounds not stated at the original sentencing nor upheld by this court on appeal and that the district court deprived him of due process by failing to provide him notice of its intent to impose an upward variance.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40038

Since Gonzalez did not object to his sentence in the district court, review is for plain error. To show plain error, Gonzalez must show that the error was clear or obvious and affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error, but only if it "'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'" *Id.* (alteration in original) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)).

Gonzalez has failed to show any error, plain or otherwise. The Supreme Court has held that § 3742(g)(2) is unconstitutional, *Pepper v. United States*, 131 S. Ct. 1229, 1244 (2011), and that a district court may impose a variance without advance notice to the defendant without depriving the defendant of due process. *Irizarry v. United States*, 553 U.S. 708, 713-16 (2008). Gonzalez's disagreements with these decisions and attempts to distinguish them are unavailing.

The judgment of the district court is AFFIRMED.

2