**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30018 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-00247-RSM |
| v. | |
| AARON TRAVIS BEAIRD, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Submitted December 17, 2013[**]

Before:     GOODWIN, WALLACE, and GRABER, Circuit Judges.

Aaron Travis Beaird appeals from the district court's judgment and

challenges the 84-month sentence imposed following his guilty-plea conviction for

wire fraud, in violation of 18 U.S.C. § 1343; and mail fraud, in violation of 28

U.S.C. § 1341.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Beaird contends that the district court violated his due process rights by failing to give him notice of its intent to depart upwards from the Sentencing Guideline range, in violation of Federal Rule of Criminal Procedure 32(h). Because the district court imposed an upward variance, it was not required to give notice under Rule 32(h). *See Irizarry v. United States*, 553 U.S. 708, 714 (2008).

Beaird next contends that the district court erred by finding that Beaird's conduct fell outside the heartland of fraud cases. The district court properly tailored its sentence to the specific characteristics of Beaird and the offense. *See United States v. Treadwell*, 593 F.3d 990, 1012 (9th Cir. 2010).

Finally, Beaird contends that his sentence is substantively unreasonable in light of mitigating factors, such as his immediate acceptance of responsibility and commitment to paying restitution. The district court did not abuse its discretion in imposing Beaird's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The above-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including the length of time Beaird engaged in the fraudulent scheme and his close connection to the victims. *See id.*

**AFFIRMED.**

13-30018