**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10021 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-00049-KJD-PAL-1 |
| v. |  |
| JASON WEBB, | MEMORANDUM[*] |
| Defendant - Appellant. |  |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted October 23, 2013[**]

Before:     HUG, FARRIS, and LEAVY, Circuit Judges.

Jason Webb appeals from the district court's judgment and challenges the

77-month sentence imposed following his guilty-plea conviction for unlawful

possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  We

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Webb contends that the district court erred when it denied him a departure for imperfect duress under U.S.S.G. § 5K2.12. We do not review a district court's decision regarding whether to depart from the Sentencing Guidelines range. *United States v. Vasquez-Cruz*, 692 F.3d 1001, 1005-08 (9th Cir. 2012); *United States v. Mohamed*, 459 F.3d 979, 987 (9th Cir. 2006). Instead, if an appellant contends that the district court erred when deciding whether to grant a departure, we review the ultimate sentence for substantive reasonableness. *Vasquez-Cruz*, 692 F.3d at 1008; *Mohamed*, 459 F.3d at 987. Webb contends that *Mohamed* is no longer good law because the Sentencing Commission subsequently amended U.S.S.G. § 1B1.1 and because the Supreme Court implicitly overruled *Mohamed* in *United States v. Irizarry*, 553 U.S. 708 (2008). We already have rejected these arguments. *See Vasquez-Cruz*, 692 F.3d at 1005-08 (holding that amendment to § 1B1.1 did not abrogate *Mohamed*); *United States v. Tankersley*, 537 F.3d 1100, 1114 n.11 (9th Cir. 2008) (rejecting argument that *Irizarry* undermined *Mohamed*).

We therefore review Webb's sentence for substantive reasonableness, applying an abuse of discretion standard. *See Gall v. United States,* 552 U.S. 38, 51 (2007). The 77-month sentence, which is at the bottom of the applicable Guidelines range, is substantively reasonable in light of the totality of the circumstances and the 18 U.S.C. § 3553(a) factors, including Webb's prior

2

conviction for unlawful possession of a firearm and other extensive criminal history, the seriousness of the offense, and the need for the sentence to promote respect for the law and provide deterrence. *See id.*

**AFFIRMED**.