[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14845
Non-Argument Calendar
_____

D.C. Docket No. 9:13-cr-80104-DTKH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KWAN LEVARITY,
a.k.a. Joseph Kwan,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 6, 2014)

Before WILSON, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Kwan Levarity appeals his sentence of imprisonment for 48 months

following his guilty plea to one count of attempting to bring aliens into the United

States for commercial advantage and private gain, 8 U.S.C. § 1324(a)(2)(B)(ii), and one count of reentry of a deported alien, *id.* § 1326(a).  Levarity contends that the district court erred when it failed to provide him notice of a potential departure as required by Federal Rule of Criminal Procedure 32(h) or to conduct the analysis for a departure required by Sentencing Guidelines, U.S.S.G. § 4A1.3.  Levarity also contends that his sentence is substantively unreasonable.  We affirm.

We review the reasonableness of a sentence for an abuse of discretion.  *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007).  A district court abuses its discretion if it applies an incorrect legal standard or makes findings of fact that are clearly erroneous.  *United States v. Wilk*, 572 F.3d 1229, 1234 (11th Cir. 2009).

The district court committed no procedural error in imposing Levarity's sentence.  Levarity's argument that the district court erred by failing to provide him notice before imposing an upward departure fails.  Federal Rule of Criminal Procedure 32(h) requires that "before the [district] court may depart from the applicable sentencing range," it must "give the parties reasonable notice that it is contemplating such a departure." Fed. R. Crim. P. 32(h).  Rule 32(h) applies to departures, not variances.  *Irizarry v. United States*, 553 U.S. 708, 714, 128 S. Ct. 2198, 2202 (2008).  The district court imposed a variance, not a departure, in sentencing Levarity above his guideline range.  Not only did the district court

2

clarify that "[t]here's been absolutely no departure in this case," but it never cited a specific guideline departure provision and it based its rationale for imposing an upward variance entirely upon the statutory factors for sentencing, 18 U.S.C. § 3553(a).  Because the district court imposed a variance, not a departure, it was not required to provide notice under Rule 32(h) or to conduct the analysis for a departure under section 4A1.3 of the Guidelines.  *See Irizarry*, 553 U.S. at 714, 128 S. Ct. at 2202 (holding that Rule 32(h) does not apply to departures and defining "departure" as a term that "refers *only to* non-Guidelines sentences imposed under the framework set out in the Guidelines") (emphasis added).

And Levarity's sentence is reasonable.  The district court explained a heightened need for deterrence, as Levarity had attempted to commit the same offense in 2010, but received no punishment.  The district court also explained the nature and circumstances of Levarity's offense, particularly the inherent danger of the offense as well as Levarity's unique role as captain, and determined that an above-range sentence was necessary to satisfy the goals of section 3553(a).  Although his 48-month sentence represented a 12-month upward variance from his applicable guideline range, Levarity's sentence was well below the 10-year statutory maximum sentence.  The district court did not abuse its discretion.

**AFFIRMED.**

3