[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10282
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cr-00216-TCB-JFK-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL A. YEDOR,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(May 4, 2016)

Before HULL, MARCUS and MARTIN, Circuit Judges.

PER CURIAM:

Michael Yedor appeals his 120-month sentence, imposed after pleading guilty to one count of conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349 pursuant to a plea agreement. On appeal, Yedor argues that the government breached the terms of the plea agreement by requesting a sentence in the middle of the guideline range calculated by the district court rather than within the lower guideline range proposed by the parties. Yedor also argues that the district court erred by failing to give reasonable notice of its intent to upwardly depart from the guideline range in sentencing him. Finally, Yedor contends that the district court abused its discretion in imposing an above-guideline sentence based on factors already addressed by the applicable guideline and enhancements. Upon careful review of the record and consideration of the parties' briefs, we affirm.

## I.

Yedor first argues that the government breached the terms of the plea agreement by arguing that the court should impose a 77-month sentence, which was in the middle of the guideline range found by the district court. He argues that the government instead should have advocated for an approximately 70-month sentence, which was in the middle of the guideline range contemplated by the parties in the plea agreement.

2

We review de novo whether the government breached a plea agreement where the defendant preserved his objection in the district court. United States v. Copeland, 381 F.3d 1101, 1104 (11th Cir. 2004). The defendant preserves an objection by "rais[ing] that point in such clear and simple language that the trial court may not misunderstand" the legal basis for the objection. United States v. Massey, 443 F.3d 814, 819 (11th Cir. 2006) (quotation omitted). Where the defendant does not sufficiently object, we review only for plain error. United States v. Zinn, 321 F.3d 1084, 1087 (11th Cir. 2003). We reverse under this standard where "(1) an error occurred, (2) the error was plain, and (3) the error affected substantial rights." Id.

"The government is bound by any material promises it makes to a defendant as part of a plea agreement that induces the defendant to plead guilty." United States v. Taylor, 77 F.3d 368, 370 (11th Cir. 1996). Where the terms of a plea agreement are in dispute, we apply an objective standard to determine whether the government's actions were inconsistent with what the defendant reasonably understood when he pleaded guilty. Copeland, 381 F.3d at 1105. We do not rigidly construe the language of the plea agreement, and we resolve ambiguities against the government. Id. at 1105–06. In interpreting a plea agreement, we are "limited to the unambiguous meaning of the language in the agreement." Id. at

3

1106.  If the language in the agreement is ambiguous, we then decide whether to enforce the agreement.  Id.

We review for plain error whether the government breached the plea agreement with Yedor.  Yedor argues that he objected to the government's breach, so review should be de novo.  At sentencing, Yedor's counsel stated that, "we all thought the [guideline] range was going to be lower . . . so the[] [government's] recommendation here is actually higher than what we had agreed to in terms of the number of months."  This statement was not so clearly an objection as to sufficiently preserve Yedor's argument that the government breached the plea agreement.  See Massey, 443 F.3d at 819.

Even accepting this statement as an objection sufficient to trigger de novo review we nevertheless conclude that the government did not breach the plea agreement.  Under the plea agreement, the government agreed to "recommend[]" or "stipulate[e]" that "[t]he applicable offense guideline is [USSG §] 2B4.1."  The government also agreed to "recommend that [Yedor] be sentenced in the middle of the adjusted guideline range," although the agreement did not define any particular guideline range.  And the agreement specified that "there are no agreements between the parties with respect to any Sentencing Guidelines issues other than those specifically listed."

4

At sentencing, the government argued, as promised in the plea agreement, that the case should be governed by United States Sentencing Guidelines § 2B4.1. The district court disagreed and found another guideline more appropriate. This guideline relied upon by the court established the range at 70 to 87 months imprisonment. The government then requested a sentence of 77 months, which was in the middle of this guideline range. Though the government opposed Yedor's request for a below-guideline sentence, this did not breach the terms of the plea agreement. The government made the recommendations required by the plea agreement, and did not otherwise breach it.

## II.

Yedor also argues that the district court erred by failing to give reasonable notice of its intent to depart upwards from the guideline range in imposing his sentence. Where the defendant fails to object at sentencing to the lack of notice of an upward departure, we review only for plain error. See Zinn, 321 F.3d at 1087.

Under Federal Rule of Criminal Procedure 32(h), the district court "must give the parties reasonable notice" before it "depart[s] from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission." Fed. R. Crim. P. 32(h). Rule 32(h) does not, however, require the district court to give notice where it intends to impose a variance under 18 U.S.C. § 3553 as opposed to a departure. Irizarry v.

United States, 553 U.S. 708, 714, 128 S. Ct. 2198, 2202 (2008). "'Departure' is a term of art under the Guidelines and refers only to non-Guidelines sentences imposed under the framework set out in the Guidelines." Id. In determining whether the sentencing court applied a departure or a variance, "we consider whether the district court cited to a specific guideline departure provision and if the court's rationale was based on its determination that the Guidelines were inadequate." United States v. Kapordelis, 569 F.3d 1291, 1316 (11th Cir. 2009).

The district court imposed a variance rather than a departure in sentencing Yedor outside the guideline range. The court did not cite a specific guideline departure provision. The court also stated: "[This] is not a guidelines case. The guidelines just don't adequately cover it." This suggests that the court applied a variance in imposing Yedor's sentence. See Kapordelis, 569 F.3d at 1316. Because the court's variance was not governed by Rule 32(h), it did not plainly err by failing to provide notice before imposing an above-guideline sentence.

## III.

Yedor finally argues that the district court erred in imposing an above-guideline sentence because the upward variance was based on factors the court had already considered in establishing the applicable guideline and enhancements. We review the procedural and substantive reasonableness of an out-of-guideline sentence for abuse of discretion. Gall v. United States, 552 U.S. 38, 51, 128 S. Ct.

586, 597 (2007).  We examine "the totality of the circumstances" in determining whether a sentence is substantively reasonable, and "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance."  Id.  The party challenging the reasonableness of the sentence bears the burden of showing it is unreasonable in light of the record and the § 3553(a) factors.  United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010).

Under § 3553(a), the district court must impose a sentence that is "sufficient, but not greater than necessary" to reflect the seriousness of and provide just punishment for the offense, adequately deter criminal conduct, and protect the public from future crimes of the defendant.  18 U.S.C. § 3553(a)(2).  The court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the U.S. Sentencing Commission's policy statements, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims of the offense.  Id. § 3553(a).  The weight given to these factors is in "the sound discretion of the district court," and we will remand for resentencing only if we have a "definite and firm conviction that the district court committed a clear error in judgment in weighing the § 3553(a) factors."  United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007) (quotations omitted).

7

Yedor did not demonstrate that the district court abused its discretion in applying an upward variance to his sentence based on the § 3553(a) factors. The court expressly justified Yedor's 120-month sentence based on the § 3553(a) factors. The court noted that in varying upward to reach this sentence, it considered the need for just punishment, deterrence, and rehabilitation for Yedor. It also considered the scope of Yedor's scheme in terms of the many years and large amount of money involved, Yedor's "impunity" in carrying out the scheme, and Yedor's age and health. The weight given to these factors was within the district court's discretion, and its sentence was supported by the totality of the circumstances and the § 3553(a) factors. See Clay, 483 F.3d at 743.

**AFFIRMED.**