# United States Court of Appeals
### For the Eighth Circuit

_____

No. 17-2403

_____

United States of America

*Plaintiff - Appellee*

v.

Michael Ghost

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Rapid City

_____

Submitted: May 18, 2018
Filed: July 16, 2018
[Unpublished]

_____

Before SHEPHERD, KELLY, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Michael Ghost appeals his above-Guidelines sentence. Ghost pleaded guilty to one count of involuntary manslaughter after killing his uncle, who was riding in the car Ghost crashed while driving drunk in Indian country. This was Ghost's second conviction for involuntary manslaughter; three years earlier, Ghost had caused the death of another person while Ghost was driving drunk. Ghost's Guidelines range

was 37 to 46 months. At sentencing, the district court[1] departed upward to 72 months based on aggravating circumstances "not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." USSG § 5K2.0(a)(1). The district court found the departure was supported by Ghost's prior involuntary manslaughter conviction, which also involved a high blood alcohol content and had occurred three years before the instant offense, as well as Ghost's repeated failure to undergo substance abuse treatment. In the alternative, the district court varied upward to the same sentence of 72 months.

Ghost appeals, arguing that the district court failed to give adequate notice of its intent to depart upward as required by Federal Rule of Criminal Procedure 32(h), and that the 72-month sentence is substantively unreasonable. We first determine whether the district court committed significant procedural error; then, we assess the sentence imposed for abuse of discretion. United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc).

Rule 32(h) requires the district court to give parties "reasonable notice that it is contemplating . . . a departure" on a ground not identified in the presentence report or by a party. See Fed. R. Civ. P. 32(h). The government concedes that the court did not give notice of its intent to depart until the sentencing hearing. But when the district court did inform the parties of its intent, Ghost's attorney did not object, did not ask for a continuance, and told the court "I am prepared to respond." In any event, the notice requirement in Rule 32(h) does not apply to variances. Irizarry v. United States, 553 U.S. 708, 716 (2008). Here, the district court expressly stated that, in the alternative to a departure, it would vary upward to the same sentence. The court said: "I would reach exactly the same sentence if I varied upward under the federal sentencing statute" based on the applicable sentencing factors. Moreover,

_____

[1]The Honorable Jeffrey L. Viken, United States District Judge for the District of South Dakota.

"the record does not indicate that a statement announcing [the] possibility [of an upward variance] would have changed the parties' presentations in any material way." Irizarry, 553 U.S. at 715.

As to substantive reasonableness, Ghost claims that the district court failed to consider the victim's misconduct. See Feemster, 572 F.3d at 461 (failure to consider relevant factor is an abuse of discretion). We disagree with Ghost's assessment of the sentencing record. The district court acknowledged that Ghost's victim had also been drinking in the hours leading up to his death. He had even been driving the car until Ghost got behind the wheel. But the district court decided to give greater weight to the fact that Ghost was the one driving at the time of the crash. Having reviewed the sentencing record, we conclude that the district court did not abuse its discretion.

For these reasons, Ghost's sentence is affirmed.

_____