**NOT FOR PUBLICATION**

FILED

NOV 26 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50243 |
| Plaintiff-Appellee, | D.C. No. 8:14-cr-00083-CJC-1 |
| v. | |
| SEAN LIBBERT, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted November 13, 2018[**]
Pasadena, California

Before: GOULD and MURGUIA, Circuit Judges, and AMON,[***] District Judge.

Sean Libbert was sentenced to ten years of imprisonment followed by three

years of supervised release after pleading guilty to conspiracy to import and resell

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]        The Honorable Carol Bagley Amon, United States District Judge for the Eastern District of New York, sitting by designation.

analogues of "JWH-018," a synthetic cannabinoid from China. At sentencing, the district court applied a four-level aggravated role enhancement pursuant to United States Sentencing Guideline § 3B1.1(a) due to Libbert's role as an organizer or leader of the conspiracy, and an associated two-level specific offense enhancement pursuant to U.S.S.G. § 2D1.1(b)(15)(C) because Libbert was directly involved in the importation of a controlled substance. Libbert now appeals his sentence, arguing that the district judge improperly applied both enhancements. For the reasons stated below, we affirm.

Section 3B1.1(a) of the United States Sentencing Guidelines provides for a four-level increase of a defendant's offense level if he or she "was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(a). "A court may impose this enhancement if there is 'evidence that the defendant exercised some control over others involved in the commission of the offense or was responsible for organizing others for the purpose of carrying out the crime.'" *United States v. Whitney*, 673 F.3d 965, 975 (9th Cir. 2012) (quoting *United States v. Ingham*, 486 F.3d 1068, 1074 (9th Cir. 2007)). This Court "review[s] for clear error a district court's determination that a defendant was an 'organizer or leader' for purposes of enhancement under U.S.S.G § 3B1.1." *United States v. Berry*, 258 F.3d 971, 977 (9th Cir. 2001).

Contrary to Libbert's contentions, the district court clearly articulated that Libbert was an organizer or leader of the conspiracy because he exercised control over other criminal participants. This conclusion was premised on findings consistent with the facts stipulated to by both parties in Libbert's plea agreement. Those facts included email communications where: (1) a co-conspirator deferred to Libbert's direction with respect to the amount of material to purchase to produce synthetic cannabinoids, and (2) Libbert gave explicit instructions with respect to the movement of profits of the conspiracy between bank accounts. ER 256–57. Because this evidence supported the conclusion that Libbert exercised control over others, the district court's determination that Libbert was an organizer or leader and application of the four-level enhancement was not clearly erroneous. *United States v. Spangle*, 626 F.3d 488, 497 (9th Cir. 2010) (describing clear error as a finding that was "illogical, implausible, or without support in the record").

Libbert further argues that the application of the § 3B1.1(a) enhancement violated both Federal Rule of Criminal Procedure 32 and the due process clause because the district court did not provide him with adequate notice of the factual basis that it intended to rely upon to apply the enhancement. This argument was unpreserved and is reviewed for plain error. *United States v. Christensen*, 732 F.3d 1094, 1101 (9th Cir. 2013). The district court did not plainly err. Libbert cites to no authority, nor are we aware of any, that requires a district court to provide notice of

3

how it plans to interpret the factual record before making a sentencing guideline decision. Although Rule 32(h) requires notice prior to a district court making a guideline departure, *Irizarry v. United States*, 553 U.S. 708, 715 (2008), there was not a guideline departure in this case.

Libbert also contests the district court's application of a specific offense characteristic enhancement pursuant to U.S.S.G. § 2D1.1(b)(15)(C). Section 2D1.1(b)(15)(C) requires a two-level enhancement "if the defendant receives an adjustment under § 3B1.1 (Aggravating Role) and . . . the defendant was directly involved in the importation of a controlled substance . . . ." U.S.S.G. § 2D1.1(b)(15)(C) (2016).[1] Libbert contends that the plain language of this section limits the enhancement to the importing of "controlled substances," and he was convicted of importing "controlled substance analogues." This Court reviews the district court's interpretation of the Sentencing Guidelines *de novo*. *United States v. Martinez*, 870 F.3d 1163, 1165 (9th Cir. 2017). We find that the district court appropriately applied the enhancement. Application Note 6 to § 2D1.1 expressly instructs that "[a]ny reference to a particular controlled substance includes . . . except as otherwise provided, any analogue of that controlled substance." U.S.S.G. §2D1.1 cmt 6. This Note was added "to provide a uniform mechanism for determining sentences in cases involving analogues or controlled substances not specifically

---

[1] This language now appears in U.S.S.G. § 2D1.1(b)(16)(C).

4

referenced" in the guidelines. U.S.S.G. Supp. App. C, Amdt. 667 (effective November 1, 2004), at 84–85. To accept Libbert's argument and construe § 2D1.1(b)(15)(C) to apply to importing controlled substances but not controlled substance analogues would contravene the intent of the Sentencing Commission — that controlled substances and controlled substance analogues be treated the same at sentencing. It would also disregard a primary purpose of the Sentencing Guidelines, *Hughes v. United States*, 138 S.Ct 1765, 1774 (2018) ("A principal purpose of the Sentencing Guidelines is to promote uniformity in sentencing imposed by different federal courts for similar criminal conduct") (internal quotations omitted), and the statutory regime governing controlled substance analogues, 21 U.S.C. § 813 (a "controlled substance analogue shall, to the extent intended for human consumption, be treated, for the purposes of any Federal law as a controlled substance in schedule I").

**AFFIRMED.**