20-4176-cr
*United States v. Montalvo*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of September, two thousand twenty-two.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> BARRINGTON D. PARKER,
> EUNICE C. LEE,
> *Circuit Judges*.

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                          20-4176-cr

MISAEL MONTALVO, AKA BORI, AKA MISA,

> *Defendant-Appellant*,

CARMEN M. JUSTINIANO RAMIEREZ, AKA MILLIE,
EFRAIN HIDALGO, AKA CHEKO, BRANDON JONAS, AKA B,

> *Defendants*.

---

For Appellee:                          MONICA J. RICHARDS, Assistant United States Attorney, *for* Trini E. Ross, United States Attorney for the Western District of New York, Buffalo, NY.

1

For Defendant-Appellant:          DONNA R. NEWMAN, Law Offices of Donna R. Newman, PA, New York, NY.

Appeal from a judgment of the United States District Court of the Western District of New York (Arcara, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Misael Montalvo ("Montalvo") pleaded guilty to one count of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. As part of a plea agreement, the government agreed to dismiss two additional counts charging a violation of 18 U.S.C. §§ 924(c)(1)(A)(iii), 924(j)(1), and 2, for discharge of a firearm during and in relation to a crime of violence or a drug-trafficking crime, causing death. The district court sentenced Montalvo to 240 months' imprisonment and five years' supervised release. This sentence was double the United States Sentencing Guidelines ("U.S.S.G." or the "Guidelines") range of 120 to 121 months applicable to the drug conspiracy offense. The district court opted to impose a higher sentence after considering Montalvo's conduct that led to the now dismissed counts.

On appeal, Montalvo challenges his sentence on procedural and substantive grounds. He argues that the district court committed procedural error in concluding that Montalvo's conduct in connection with the dismissed charges—his involvement in an armed burglary and robbery that resulted in two deaths—was related to the offense of conviction, and then considering this conduct in imposing its sentence. Montalvo also argues that the sentence is substantively unreasonable, particularly in light of his preexisting health conditions and the conditions of imprisonment during the COVID-19 pandemic. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

2

\* \* \*

This Court reviews sentences for reasonableness, *United States v. Booker*, 543 U.S. 220, 260–62 (2005), which has both procedural and substantive dimensions, *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc). A district court commits procedural error if, among other reasons, it rests its sentence on a clearly erroneous finding of fact or makes a mistake in its Guidelines calculation. *Id.* at 190 (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). If the district court's sentencing decision is procedurally sound, we consider the substantive reasonableness of the sentence under an abuse of discretion standard. *Gall*, 552 U.S. at 51. In determining whether a sentence is substantively reasonable, an appellate court must "take into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts." *Cavera*, 550 F.3d at 190. This Court will hold that a sentence is substantively unreasonable only when it is "so 'shockingly high, shockingly low, or unsupportable as a matter of law' that allowing [it] to stand would 'damage the administration of justice.'" *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012) (quoting *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009)).

When a sentencing court issues a variance—a non-Guidelines sentence imposed outside of the Guidelines framework that the court finds justified under the 18 U.S.C. § 3553(a) sentencing factors—there is no limitation on the information concerning the background, character, or conduct of the person convicted that the court may consider. 18 U.S.C. § 3661; *see also Irizarry v. United States*, 553 U.S. 708, 715 (2008) (explaining the meaning of "variance" in the sentencing context). In contrast, when a sentencing court issues a departure—a non-Guidelines sentence imposed pursuant to policy statements in the Guidelines—there may be limitations. *See, e.g.*, *United States v. Kim*, 896 F.2d 678, 684 (2d Cir. 1990) ("We conclude that, with respect to acts of

3

misconduct not resulting in conviction [under U.S.S.G. § 5K2.0 (1989)], the [Sentencing] Commission intended to preclude departures for acts bearing no relationship to the offense of conviction, but *to permit departures for acts that relate in some way to the offense of conviction*, even though not technically covered by the definition of relevant conduct [under U.S.S.G. § 1B1.3].” (emphasis added)); *see also Irizarry*, 553 U.S. at 714 (explaining the meaning of “departure” in the sentencing context).

Montalvo argues that the district court committed procedural error by finding that his discharged conduct was related to the drug conspiracy offense of conviction and could therefore provide a basis for an upward departure. But the district court indicated that its 240-month sentence was a variance, not a departure, and defense counsel conceded as much at argument. *See* App’x 56. Because it issued a variance, the district court was not required to find that Montalvo’s discharged conduct was related to the offense of conviction before factoring that conduct into the sentence. *See* 18 U.S.C. § 3661 (“No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.”). We therefore need not consider whether the conduct was sufficiently related to the offense of conviction to warrant a departure under U.S.S.G. § 5K2.21.

Montalvo also argues that his sentence is substantively unreasonable, particularly given his pre-existing health conditions and the harsh conditions of imprisonment during the ongoing COVID-19 pandemic. We disagree. The district court’s 240-month sentence is not “shockingly high, shockingly low, or unsupportable as a matter of law.” *Rigas*, 583 F.3d at 123. Indeed, the district court’s decision to deviate from the advisory Guidelines range of 120 months is contemplated by U.S.S.G. § 5K2.21, which permits an upward departure to reflect dismissed or

uncharged conduct that is related to the offense of conviction. Having decided to vary from the Guidelines range, the district court looked to the multi-count analysis described by this Court in *Kim* to calculate an appropriate extent of a variance, and it arrived at a range of 235 to 293 months. *See* App'x 33. The 240-month sentence that the district court ultimately imposed is well "within the range of permissible decisions." *See Rigas,* 490 F.3d at 238.

Additionally, the district court did not abuse its discretion in imposing a 240-month sentence, notwithstanding Montalvo's health issues. It noted its receipt of Montalvo's submission about COVID-19 conditions at the Northeast Ohio Correctional Center, where Montalvo had previously been detained, and it noted that Montalvo's health problems and health risks were a factor it considered when deciding on a sentence. There is no basis upon which to find the sentence substantively unreasonable.

\* \* \*

We have considered Montalvo's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5