[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 23-11485

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

SHEDENER GERMINE,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:22-cr-80164-DMM-2

————————————————

Before WILSON, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Shedener Germine appeals his 84-month total sentence for conspiracy to commit access device fraud, use of an unauthorized access device, attempted use of an unauthorized access device, and aggravated identity theft. Germine argues that the district court abused its discretion when it incorrectly calculated his loss amount, resulting in an inaccurate guideline range. He contends that, because of this error, his sentence was unreasonable. For the reasons discussed below, we affirm.

**I.**

When appropriate, we will review the interpretation and application of the sentencing guidelines *de novo*. *United States v. Cingari*, 952 F.3d 1301, 1305 (11th Cir. 2020). When a sentencing court explicitly states that a guideline determination was immaterial to the ultimate sentence imposed because it would have imposed the same sentence under its § 3553(a) authority, however, we will not remand for resentencing, even if the guideline determination was erroneous. *United States v. Keene*, 470 F.3d 1347, 1348-50 (11th Cir. 2006). Rather, in that circumstance, we will assume the enhancement did not apply and then review the final sentence to ensure that it is substantively reasonable. *Id.* at 1349. We will reduce the guideline range according to the way the defendant argued and analyze whether the sentence would be substantively reasonable under that guideline range. *Id.* at 1349-50.

Under U.S.S.G. § 2B1.1(a)(2), a base offense level of six applies for a violation of 18 U.S.C. § 1029(a)(2). U.S.S.G. § 2B1.1(a)(2). The Guidelines provide for an eight-point enhancement where the loss amount was more than $95,000 but less than $150,000. *Id.* § 2B1.1(b)(1)(E). They provide for a 2-point enhancement where the offense involves 10 or more victims. *Id.* § 2B1.1(b)(2)(A)(i). A total offense level of 16, paired with a criminal history category of VI, yields a guideline imprisonment range of 46 to 57 months. *Id.* ch. 5, pt. A.

Here, Germine's challenge to his calculated loss amount fails because, under *Keene*, even if the district court erred in overruling his objection to the loss amount, that error did not affect the outcome of his sentence. Rather, the district court explained that it would have imposed the same sentence irrespective of the total loss amount. *See Keene*, 470 F.3d at 1348-50. Thus, the focus shifts back to substantive unreasonableness, which we now address below.

## II.

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard of review. *Gall v. United States*, 552 U.S. 38, 41 (2007). The party challenging the sentence bears the burden of proving that the sentence is unreasonable in light of the record, the factors listed in 18 U.S.C. § 3553(a), and the substantial deference afforded sentencing courts. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015).

We examine whether a sentence is substantively reasonable considering the totality of the circumstances. *Gall*, 552 U.S. at 51. The district court must impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a)(2).

The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). The district court is free to consider any information relevant to a defendant's background, character, and conduct in imposing an upward variance. *United States v. Tome*, 611 F.3d 1371, 1379 (11th Cir. 2007). We give due deference to the district court's decision that the § 3553(a) factors, as a whole, justify the extent of the variance. *Gall*, 552 U.S. at 59-60.

A court can abuse its discretion when it (1) fails to consider relevant factors that were due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) commits a clear error of judgment by balancing the proper factors unreasonably. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*). When a district court imposes an upward variance based on the § 3553(a) factors, it must have a justification compelling enough to support the degree of the variance. *United States v. Early*, 686 F.3d 1219, 1221 (11th Cir. 2012). But a "rigid mathematical formula that uses the percentage of a departure as the standard for determining

the strength of the justifications required for a specific sentence" is not appropriate. *Gall*, 552 U.S. at 47. While an appellate court may take the degree of variance into account, there is no rule that requires "extraordinary" circumstances to justify a sentence outside the guideline range. *Id*. A sentence outside the guidelines carries no presumption of unreasonableness. *Irizarry v. United States*, 553 U.S. 708, 714 (2008). We vacate on substantive reasonableness grounds only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case. *Irey*, 612 F.3d at 1190.

Here, we conclude that the district court did not abuse its discretion in imposing the 60-month sentence as to Counts 1-6, even when followed by the mandatory 24-month consecutive term for Counts 7-11. *Gall*, 552 U.S. at 41. Germine failed to show that his sentence was substantively unreasonable when considering the record and the § 3553(a) factors. *Tome*, 611 F.3d at 1378. As discussed above, the district court considered and explained the § 3553(a) factors in sentencing Germine. In particular, the district court noted the pervasive nature of the fraud and identity theft, which involved many victims across several states. The district court also highlighted the need for deterrence and noted Germine's extensive criminal history. Finally, even under a guideline range of 46 to 57 months, a sentence three months above this range carries no presumption of unreasonableness. *Irizarry*, 553 U.S. at 714. We thus conclude that the district court provided sufficient

6                    Opinion of the Court                    23-11485

justifications to support Germine's sentence and we affirm.  *Gall*, 552 U.S. at 60.

**AFFIRMED.**